In the Interest of A. R. S., A Minor.

**DIVISION OF FAMILY SERVICES,**
**Plaintiff–Respondent,**

v.

**L. M., Defendant–Appellant.**

No. 11542.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 11, 1980.

No appearance for plaintiff–respondent.

Donald R. Rhodes, Bloomfield, for defendant–appellant.

PREWITT, Judge.

The mother of a minor female born April 25, 1974, appeals from a judgment terminating parental rights under §§ 211.442–492, RSMo 1978.

Appellant here contends: 1. the evidence was insufficient to support the judgment; 2. the trial court erred in admitting as evidence copies of documents from the records of respondent; and 3. the trial court erred in allowing an employee of respondent to testify that the child said that appellant broke the child's arm. We think that appellant's first point should not be discussed until after we set forth our ruling

considering the evidence referred to in points two and three.

We consider first point two. The exhibits included copies of correspondence from respondent's employees to the juvenile officer; correspondence between respondent's Perry County and Stoddard County offices; a letter from a mental health center in Cape Girardeau; letters to state agencies in Wisconsin and Florida; x–ray reports of the minor showing a fractured right arm; "physical neglect", "emotional neglect", and "child abuse" checklists for the minor showing various items checked; and a typed "SUMMARIZED RECORDING 03–10–78 through 03–28–78" which purports to give some history and findings as to appellant and the child. The balance of the documents contested are purported copies from California juvenile court proceedings showing that the minor had been a "dependent child of the Juvenile Court" and a letter from the Monterey County, California Department of Social Services to the respondent's office in Perry County, Missouri. The California records were not attested under either §§ 490.130 or 490.220, RSMo 1978.

■ Following testimony that they were "part of the business records" of respondent and that the identifying employee of respondent had "control" over them, the exhibits were allowed into evidence, over appellant's objection that they were hearsay. If there was an attempt to qualify the exhibits under "The Uniform Business Records as Evidence Law", §§ 490.660–690, RSMo 1978, it failed because there was no testimony as to their "mode of . . . preparation", nor that they were made "at or near the time of the act, condition or event" that they purport to show. § 490.680, RSMo 1978; *Kennedy v. Boken Associates, Incorporated,* 381 S.W.2d 39, 43 (Mo.App.1964). See also *Tile–Craft Products Co., Inc. v. Colonial Properties, Inc.,* 498 S.W.2d 547, 549 (Mo.1973). The exhibits were hearsay; they were not qualified within any exception to the rule excluding hearsay and should not have been admitted in evidence. The admission of improper evidence is not ordinarily a ground for reversal in a non–jury case, at least where it did not appear to have played a critical role in the court's decision. *Smead v. Allen,* 581 S.W.2d 93, 94 (Mo.App.1979). See also *State ex rel. Williams v. Williams,* 609 S.W.2d 456 (No. 31086, Mo.App. Western District 1980). These exhibits may have influenced the trial court's decision but we do not consider if their admission justifies a reversal because of our determination set forth later that the admissible evidence was insufficient to terminate appellant's parental rights.

■ We next consider appellant's third point. An employee of respondent testified that two days after receiving a broken arm, the child said that appellant "did it". Appellant's counsel objected that the statement was hearsay and asked that it be stricken. The court admitted it "not for truth or falsity, but the mere fact that it was said." Under the pleadings we do not perceive how the child saying it was relevant to any issue before the trial court. If appellant broke the child's arm that would be relevant to the claim that appellant abused the child, but the employee's recitation of what the child told her would be hearsay and inadmissible to prove this. Thus this testimony would be inadmissible for any purpose. See *State v. Kirkland,* 471 S.W.2d 191, 194 (Mo.1971). However, as the court expressly did not admit the statement for its truth, we assume that it was not a factor in the decision and thus allowing it could not be a ground for reversal.

■ We now discuss our holding as to point one. To terminate parental rights there must be "clear, cogent and convincing" evidence of one or more of the statutory conditions. § 211.447.2(2), RSMo 1978. For the courts to terminate parental rights, there must be strict and literal compliance with the statutes and those seeking to terminate parental rights have "the full burden of proof". *S. K. L. v. Smith,* 480 S.W.2d 119, 123 (Mo.App.1972). It is "only when grave and compelling reasons exist" that parental rights should be severed; the test is not whether children would be "better off" in another home. Id. 480 S.W.2d at 125–126.

The conditions alleged in the petition to justify termination of appellant's parental rights included that set forth in § 211.447.2(2)(h)b, RSMo 1978, and the judgment was entered based only on that provision. The "conditions" which appellant failed "to rectify" are not specifically set forth in either the petition or the judgment. Respondent's evidence showed that the child was removed from appellant's home and a petition filed under § 211.031, RSMo 1978, because the child's arm was untreated and she said appellant broke her arm. The other children of appellant, a male aged seven and an infant female, remained with appellant and no attempt was made by respondent to remove them or to have the court assume jurisdiction of them. There was no admissible evidence that appellant did break the child's arm. The only reason remaining by which the court took jurisdiction, was appellant's failure to secure medical treatment for her daughter. There was no evidence that the minor's need for medical care continued to the time of the hearing on the petition to terminate parental rights.

There was evidence that appellant kept an unclean house and that "None of the children were ever really clean." There was also evidence of emotional abuse; of appellant's failure in acquiring "parenting skills" and of her not providing and exhibiting love for the children. However, none of these grounds were found to be a basis for terminating appellant's parental rights.

The only proven basis for the child coming under the court's jurisdiction was appellant's failure to provide medical care. There is no showing that this still exists; so appellant could not have failed to rectify the condition which caused the child to be taken from her. Thus, there was not clear, cogent and convincing evidence to terminate appellant's parental rights under § 211.447.2(2)(h)b, RSMo 1978.

The judgment is reversed.

BILLINGS, P. J., and MAUS, J., concur.