JUVENILE OFFICE OF CAPE GIRAR-DEAU COUNTY, Respondent,

v.

M.E.J., Appellant.

In the Interest of H.E.J., A Child.

No. 46233.

Missouri Court of Appeals,
Eastern District,
Southern Division.

March 6, 1984.

Catherine R. McBride, Buerkle, Lowes, Beeson & Ludwig, Jackson, for appellant.

Michael A. Price, Richey & Price, Cape Girardeau, for respondent.

1. All statutory references are to RSMo 1978.

DOWD, Chief Judge.

M.E.J. appeals from a judgment of the Circuit Court of Cape Girardeau County terminating her parental rights in H.E.J. a minor child. We affirm.

Appellant, the natural mother herein is a 31 year old unmarried woman with three children. The termination of her parental rights to her second son, H.E.J. (born October 28, 1970), is the subject of this appeal. The rights of the natural father, D.J., which were also terminated, are not at issue here.

Appellant contends the trial court erred in four respects. Specifically, she charges there was no clear, cogent, and convincing evidence supporting termination under any grounds in Chapter 211, that the petitioner failed to fulfill the requirements set forth in § 211.447.2(2)(h)b RSMo 1978,[1] that the trial court failed to enter a specific order, and that the court erred in admitting certain evidence.

On August 7, 1979, the Juvenile Office of Cape Girardeau County filed a petition requesting the circuit court to assume jurisdiction of H.E.J. The petition alleged that the child was neglected since the appellant, the natural mother, was unable to provide adequate adult supervision of and control over the child. At nine years of age, H.E.J. was referred to the Cape Girardeau Juvenile Office and subsequently to the Department of Family Services (hereinafter DFS) after apprehensions by the police and his unofficial involvement in nine to fourteen burglaries while living with his mother. On August 13, 1979, jurisdiction over the child was assumed by the trial court, and he was placed by DFS in a foster home.

Five hearings for the purpose of reviewing the status of the child were held by the trial court between March 6, 1980, and November 24, 1981. At the conclusion of each hearing, the child was returned to foster care.

On May 10, 1982, the first amended petition for termination of parental rights was filed alleging the existence of conditions set forth in §§ 211.447.2(2)(h)(b) and 211.-447.2(2)(g). On August 4, 1982, the trial court found that termination of parental rights would be in the best interest of the child because the natural mother did not have the ability to provide a proper, safe, and suitable environment for the child and even though given numerous opportunities and assistance by the DFS and juvenile office to rectify these conditions, failed to do so.

At trial, Barbara Port, a DFS worker, testified that the first basis of the petition for the court's custody was the neglect and lack of adult supervision over the child by the natural mother. Ms. Port also testified that the second basis for filing the original petition concerned the mother's housekeeping and the home's physical condition that were neither safe nor healthful for the children. Lack of proper housekeeping and home maintenance were evident in the untidy apartment that for months had unfixed broken windows, large holes in the kitchen floor, and lacked hot running water.

Prior to being placed in foster care, H.E.J. was failing second grade and was considered a disciplinary problem. While living with his foster family, H.E.J. improved his average to C+ with no disciplinary problems with the one exception of a bicycle theft during a weekend visit to his mother's home.

DFS's program for the eventual reunification of mother and child also included several community services resources such as home management counselors, project status, parent's anonymous, and a big brother program. There was some progress made in fixing the home under the home management program. All other programs which required the mother's participation, however, were unsuccessful. At trial, only H.E.J.'s big brother program remained in effect. In addition to the above services, DFS also arranged weekly visitations between the child and his mother both at DFS's office and at the mother's home.

Dr. Marie Lyskowski, a clinical psychiatrist at St. Frances Mental Health Center, who examined the appellant on two occasions at DFS's request, testified that she loved her children, and her difficulty dealt primarily with son, H.E.J., who had some disciplinary problems both in school and in the community. As a part of appellant's psychiatric evaluations, James Becker, a clinical psychologist, tested both her intellectual abilities with Wexter Adult Intelligence test (WAI) and her psychological makeup using the Minnesota Multiphasic Personality Inventory (MMPI). The results showed no psychiatric disorder although she was in the borderline retardation category. Becker testified that she tended to avoid stress and had difficulty coping with it which could affect her ability to parent her children.

In her first two points, appellant charges there is no clear, cogent, and convincing evidence to support any grounds both for termination pursuant to § 211.447.2(2)(h)b or that the juvenile office or DFS used reasonable diligent and continuing efforts to rectify conditions as required by § 211.-447.2(2)(h)(b).[2]

*   *   *   *   *   *

2. Section 211.447.2(2)(h)(b) RSMo 1978 (Supp. 1982) provides in pertinent part.

2. The juvenile court may, upon a petition filed by the juvenile officer under this section, terminate the rights of parent to a child if it finds that such termination is in the best interest of the child and one or more of the following conditions are found to exist:

  (2) When it appears by clear, cogent, and convincing evidence that one or more of the following conditions exists:

(h) The child has come under the jurisdiction of the juvenile court pursuant to the provisions (a), (b), or (c) of section 211.031, and pursuant to an order of the court under section 211.181, and thereafter: ...

b. The custody of the child has not been with his parents for six months or longer, or the child has been under the jurisdiction of the court for one year or longer, immediately prior to the filing of the petition to terminate,

In order to terminate parental rights, the court must have determined there was clear, cogent, and convincing evidence of one or more of the statutory conditions contained in Chapter 211. Due regard is afforded the trial court for its ability to judge the credibility of the witnesses, and we will affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or it erroneously declares or applies the law. *In the Matter of Baby Girl B.*, 545 S.W.2d 696, 697 (Mo.App.1976). *In the Interest of M.K.P.*, 616 S.W.2d 72, 80 (Mo.App.1981). It is also well established that the primary concern in these proceedings is the best interest of the child. *In the Interest of L.A.H.*, 622 S.W.2d 319 (Mo.App.1981). With this in mind, we find the aforementioned evidence reveals the appellant's difficulties in providing either adequate supervision for the child or a proper home. We further find there was clear, cogent, and convincing evidence of the appellant's inability to rectify these conditions. Accordingly, we believe it was in the best interest of the child to terminate the appellant's parental rights. Absent any error of law, we find the trial court's judgment was supported by substantial evidence, and appellant's first two points are denied.

Appellant next contends the trial court erred in failing to enter a specific order reciting a factual finding as required by § 211.482. She further argues the court's findings, particularly those detailed in paragraphs 12, 13, and 14 merely state conclusions and are not supported by any factual basis in said order. We disagree.

The order of the court complies with the requirements of § 211.482 in that it contains the requisite jurisdictional facts and does make a factual finding of one or more of the conditions set forth in § 211.447. The court found that "the natural mother does not have the ability or capacity to give proper care to the child...." that "the natural mother does not have the ability or capacity to provide a safe, wholesome, and suitable environment for the child" and that "the natural mother has failed on a continuing basis to rectify the conditions which formed the basis for the original petition filed pursuant to § 211.031." The court further stated the best interest of the child would be served by terminating all parental rights. If the foregoing language is read together with the language in the order regarding the natural mother and the conditions existing in the home which led to the court's jurisdiction over the child, it is readily apparent the findings and order of the trial court meet the requirements of § 211.482. See *In the Interest of M.K.P.*, 616 S.W.2d at 77. Point denied.

Finally, appellant maintains the court erred in admitting both a portion of Barbara Port's testimony because it was hearsay and Dr. Lyskowski's alleged "surprise" testimony regarding an examination administered the appellant in June of 1982 and finally, testimony adduced by the court's own questions. We note that it is particularly difficult in a court tried case to predicate reversible error on the erroneous admission of evidence, and the party advancing such a contention must demonstrate the absence of sufficient competent evidence to support the trial court's decree. *In re Adoption of S.*, 581 S.W.2d 113, 118 (Mo.App.1979); *In the Interest of A.R.S.*, 609 S.W.2d 490, 491 (Mo.App.1980). We find the appellant failed to meet this burden as the record is replete with sufficient evidence to support the court's order.

The judgment is affirmed.

SNYDER, P.J., and CRIST, J., concur.

and the parent has failed, on a continuing basis, to rectify the conditions which formed the basis of the petition filed under section 211.031, and the order entered under section 211.181, and there is reasonable cause to believe that the parent will not, even if given more time, rectify those conditions on a continuing basis, and that the juvenile officer, Division of Family Services, or other agency had used reasonable, diligent, and continuing efforts to aid the parent to rectify the conditions and provide on a continuing basis a proper home for the child.