**In re C.R.K., Juvenile, Respondent,**

**v.**

**H.J.K., Natural Father, Appellant.**

**No. 46841.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 19, 1984.

---

Michael L. Maynard, Flat River, for appellant.

Michael A. Price, Cape Girardeau, for Juvenile Office.

DOWD, Chief Judge.

H.J.K. appeals from an order of the Juvenile Court of Cape Girardeau County adjudicating him a sexual abuser of his own child C.R.K. and severely restricting his visitation rights. Specifically, H.J.K. contends (1) the juvenile court erred in admitting hearsay testimony based on the acts and declarations of a 2½ years old minor child, (2) that the court erred in giving legal custody to the natural mother without first ordering an investigation of her home as required by § 211.181.2(1) RSMo 1978, (3) that the court's order was not supported by substantial evidence, and (4) that the court erred in denying appellant's motion for disqualification of judge. We reverse and remand.

The natural mother and father of the child were divorced in July of 1980. The natural father subsequently remarried in 1981.

The alleged incidents of sexual abuse began in March of 1982 when the child allegedly reported to her mother that Hank (the father) "pinched her butt," and pointed to her vaginal area. She also testified that the child's vaginal area was red and swollen on occasion after visiting her father, and that the child told her "Hank messed up my butt" and that he took a picture of her with her clothes off.

The mother further testified that on May 31, 1982, C.R.K. returned from a visit with her father and again her vagina was swollen. This time she called the Division of Family Services Hotline (hereinafter DFS) and was told to take the child to the emergency room. Once there, Dr. Charles Carleton examined the child and testified that he found no evidence of any inflammation. In his opinion, no abuse or molestation had occurred. He did concede, however, that inflammation does not necessarily occur whenever a child is molested. The doctor also testified that the mother requested that he record the exam as for a sore throat, so the natural father would not know the actual reason for the examination. The doctor refused.

On July 1, 1982, the mother discussed the suspected sexual encounter with Dr. Maria Lyskowski, a psychiatrist at St. Francis Mental Health Center in Cape Girardeau. The natural mother then took C.R.K. to a police detective who gave the child anatomically correct dolls and observed her with the dolls for over an hour. He testified that she undressed the doll and kissed it in the genital area. In response to his ques-

tion "Who does that?" she replied "Hank." As a result of this, Officer McHughes felt that sexual abuse had occurred.

On July 26, 1982, the court issued an order assuming custody of C.R.K. pursuant to § 211.031 RSMo 1978. It authorized and directed that the child be placed temporarily in the legal custody of DFS with physical custody placed with her natural mother. From that time, until the trial in October, the father had two one-hour visits with the child at the DFS office.

On August 19, Dr. Lyskowski evaluated the child in a play therapy session. She also testified that she responded to her question "What is Hank doing" by pointing to her genitalia and saying that is where he puts his finger and mouth. After 2½ hours together, the doctor felt there was a "strong possibility" of sexual abuse and she felt the child was telling the truth.

In September, the natural father was examined by psychiatrist K.P.S. Kanath. As a result of this examination, he concluded the father was of normal stability with normal thought processes. He did not examine the child, but testified that a 2½ year old child has a very active fantasy life. In addition, a child of this age may be subject to programming by a parent. He felt though, that with play therapy it was possible to reach a fair degree of certainty as to what occurred with the child.

An evidentiary hearing was held on October 5, 1982, and the case continued until October 26, 1982. The judge ordered home studies of the maternal and paternal grandparents to determine if they were suitable for supervised visitation of the father and child.

■ On January 10, 1983, a motion requesting disqualification of the judge was made and denied. An order was then entered finding that the natural father had sexually abused the child and ordering counseling and supervised visitation. Juvenile proceedings and appellate review of

such, partake the nature of civil proceedings and the scope of review is as in court-tried cases. See *L. v. Jackson County Juvenile Court*, 544 S.W.2d 330 (Mo.App. 1976). *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

In his first point appellant claims the court erred in admitting hearsay testimony from adults who testified to statements made by the two and a half year old subject child. We agree. The testimony in question consisted of statements from the psychiatrist, the child's mother, and a police officer, all to the effect that "Hank did it," and that the child pointed to parts of her body in response to questions concerning what Hank allegedly did to her.

■ We believe the testimony concerning C.R.K.'s statements and asserted acts was hearsay and inadmissible for any purpose. Admission of improper evidence is not ordinarily a ground for reversal in a non-jury case where it does not appear to have played a critical role in the court's decision. *In the Interest of A.R.S.*, 609 S.W.2d 490, 491 (Mo.App.1980). However, such is not the case here. Since the child's statements were admitted for the truth of the matter asserted and are the only evidence in the record that appellant was responsible for the alleged abuse, we cannot say there was sufficient evidence to support a dispositional order against the father.[1]

■ We also note that in a proceeding involving the behavior, environment, or association of a child, the overriding consideration is the welfare of the child. *In Re A.A.*, 533 S.W.2d 681, 684 (Mo.App.1976). While there was insufficient evidence to establish the source of the alleged abuse, we believe there was sufficient competent evidence for the court to assume jurisdiction for the protection of the child pursuant to § 211.031 RSMo 1978. Dr. Lyskowski's independent observations along with those

---

**1.** The case at bar is distinguishable from that of *In the Interest of A.R.S.*, 609 S.W.2d 490 (Mo. App.1980) where the court held as inadmissible hearsay a child's statement that her mother

broke her arm but also found said statement was not admitted for its truth and therefore did not require reversal.

of Officer McHughes' established the fact that some form of abuse had occurred creating a situation possibly injurious to the child's welfare. C.R.K. spent two and one-half hours with Dr. Lyskowski and more than an hour with McHughes during which times they observed her playing with the anatomically correct dolls. Based on her acts, both witnesses were able to conclude there was a strong possibility of a sexual encounter. Moreover Dr. Lyskowski testified she believed an investigation to protect the child and prevent further exploitations was necessary.

We find that while sufficient evidence existed for the court to exercise jurisdiction over the child based on her need for care and supervision, absent the child's own testimony or other competent evidence, we must reverse the order as to the father and remand for further proceedings concerning the source of the alleged abuse.

Appellant has also maintained that since the child was statutorily incompetent to testify her statements were not credible. § 491.060 RSMo 1978. We need not consider this argument in light of our decision finding the statements themselves inadmissible hearsay. However, the statute does not, as a matter of law, render a child under ten years of age incompetent to testify. *Rolf v. Dennis,* 615 S.W.2d 668 (Mo.App.1981). We also note no attempt was ever made to establish C.R.K.'s competency. While she was and still would be presumed incompetent, she could have been qualified subject to the trial court's discretion if it were established she had (1) a present understanding of the obligation to speak the truth, (2) mental capacity at the time of the event to observe and register the occurrence, (3) memory sufficient to retain independent recollection, and (4) capacity to relate the occurrences. *State v. Young,* 477 S.W.2d 114 (Mo.1972).

We also find appellant's remaining points to be without merit. Section 211.181 RSMo 1978 allows the court after it assumes jurisdiction, great discretion in determining the procedure for investigation and disposition of the children, and appel-

lant also failed to state sufficient cause for the disqualification of the judge.

Judgment reversed and remanded.

CRANDALL, P.J., and KAROHL, J., concur.