In the Interest of M___ E___ and L___ E___, minor children, Plaintiffs-Respondents,

v.

M___ E___ E___, Defendant-Appellant.

Nos. 50624, 50625.

Missouri Court of Appeals, Eastern District, Southern Division.

September 2, 1986.

Jeffrey P. Hine, Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for defendant-appellant.

Kevin B. Spaeth, Richey, Price, Spaeth & Heisserer, Cape Girardeau, for plaintiffs-respondents.

GARY M. GAERTNER, Judge.

The mother, M___ E___ E___, appeals from the juvenile court's order terminating her parental rights to L___ E___ and M___ E___, her minor children. The juvenile court entered the termination order pursuant to §§ 211.447.2(2)(c), (h) RSMo (Cum.Supp.1984). On appeal, the mother asserts that the juvenile court erred in: (1) allowing various witnesses for the juvenile officer to testify regarding the Analeke doll interviews with the children, and (2) terminating the mother's parental rights where the juvenile officer allegedly failed to present clear and convincing evidence that the mother had committed or knowingly permitted the abuse. We affirm.

The Cape Girardeau Circuit Court terminated the parental rights of the parents of L___ E___, age seven, and M___ E___, age three. The mother was unmarried and had been living with her children at the time of the alleged incidents. The mother had been dating P___ T___ and lived with him for two separate periods of time. The father's whereabouts were unknown at the time of trial.[1] The mother believed L___ E___ had been abused in 1982 by the father. The mother subsequently separated from and divorced the father.

---

1. The father is believed to have physical custody of the couple's other child, Gayla, age five. The father did not appear at trial and is not part of this appeal.

The Division of Family Services (DFS) investigated a child abuse hotline report received on March 5, 1985, regarding L___ E___. The DFS immediately removed L___ E___ and brought her to the Family Learning Center for an interview with anatomically correct Analeke dolls.[2] The child referred to various body parts and sexual acts: "boobies," "pussy," "dingle" (male organ), and "nasties" (intercourse, sodomy). The child placed the dolls in sexual positions and stated that the adult female doll was present when the adult male doll and the child female doll were doing "nasties." The staff of the center concluded that L___ E___ must have been abused a minimum of seven to ten times in order to relate these incidents. Next, the child was taken to a doctor for examination. The doctor found physical evidence that sexual abuse had occurred within the previous forty-eight hours.[3]

M___ E___ also showed a positive response to the Analeke dolls, indicating sexual abuse. Although the doctor found no physical evidence of sexual abuse of M___ E___, he believed that she had been the victim of sexual abuse. The clinical psychologist and social workers concluded that both L___ E___ and M___ E___ possessed sexual knowledge far beyond that of normal seven and three year olds.

The court found that the mother knowingly permitted an act of incest or other sexual molestation of the children. The court further found that the mother subjected the children to a substantial risk of serious physical, mental and emotional harm by reason of debauchery and repeated lewd and lascivious behavior. The court terminated the mother's rights pursuant to §§ 211.447.2(2)(c), (h) RSMo (Cum. Supp.1984). The mother appeals.

We first note that it is nearly impossible to predicate reversal on the erroneous admission of evidence in a court-tried case. The party seeking reversal must convince the appellate court that the trial court's decree had insufficient competent evidence supporting it. *Juvenile Office of Cape Girardeau County v. M.E.J.*, 666 S.W.2d 957, 960 (Mo.App.1984). The decree will be sustained unless no substantial evidence supports it, unless it is contrary to the weight of the evidence, or unless it erroneously declares or applies the law. *D.G.N. v. S.M.*, 691 S.W.2d 909, 912 (Mo.1985) (en banc). The trial court has the opportunity to judge the credibility of the witnesses and to weigh the evidence. *Id.* We will defer to the trial judge's ability to appropriately consider only that evidence which is relevant and admissible,[4] absent a manifest abuse of discretion.

The mother contends on appeal that the trial court erred in allowing various social workers and other professionals to testify regarding the Analeke doll interviews with the children. The mother asserts that the statements and actions of the children, related in court by the witnesses, constitute hearsay and should have been excluded. We disagree.

"Testimony of a witness regarding the statement of another is hearsay only when the statement is offered as proof of the matters stated therein." *Giessow v. Litz*, 558 S.W.2d 742, 750 (Mo.App.1977).[5] The mother argues that the testimony of the witnesses regarding the statements and assertive conduct of the children were used to prove the truth of the matters asserted therein. However, analysis of the testimony reveals the matters asserted by the children in the interviews were that

---

**2.** Analeke dolls are anatomically correct dolls used in interviews with children to determine whether sexual abuse has occurred.

**3.** The doctor testified that L___ E___ had decreased rectal tones, an abraded area of the rectum and blood in her stool.

**4.** The transcript is replete with evidence of the trial judge's careful exclusion and limitation of certain testimony.

**5.** "Hearsay is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Mo. Evidence Restated, § 801(c) (MoBar 1984). *See also* McCormick on Evidence § 246 (3d ed. 1984).

P___ T___ committed the abuse on L___ E___, and that the mother and P___ T___ engaged in sexual acts in the presence of the children. But, the court did not include any of these matters in its findings. Rather, the court specifically admitted the testimony in order to show that the children had sexual knowledge far in advance of their ages,[6] not to prove the truth of the matters asserted.[7]

From this showing of unusually superior sexual knowledge, the court inferred that some form of sexual abuse had occurred, but did not necessarily determine who had committed such abuse. The testimony was not used to prove the truth of the matters asserted, hence the testimony is not hearsay.[8] The trial court properly admitted the testimony.

■ In her second point on appeal, the mother contends that without the alleged hearsay testimony the trial court's decree lacked substantial evidence to support it. Although we have decided that the testimony is not hearsay and therefore admissible, we further find that sufficient other evidence in the record supports the termination.

The mother admitted at trial that she suspected her ex-husband had abused L___ E___ in 1981.[9] The physical examination evidence and expert testimony presented to the court established that L___ E___ had again been abused in 1985. From this evidence the court concluded the mother has failed to protect L___ E___ from sexual abuse. Under the termination of parental rights statute, § 211.447 RSMo (Cum.Supp.1984), the "failure to protect" a child from abuse has been equated to "knowingly permit." *See In Re P.E.B.*, 708 S.W.2d 315, 319 (Mo.App. 1986).

■ The evidence presented at trial as to the abuse of M___ E___ was not as abundant, but again the court had sufficient evidence before it to terminate the mother's parental rights. Without specifically relating M___ E___'s actions, the psychologist testified that M___ E___ had a positive response to the Analeke dolls.[10] In the psychologist's opinion and that of the doctor and social workers, M___ E___ has been a victim of sexual abuse. We also point out, a determination that an older sibling has been abused may be sufficient to terminate the parental rights of the younger sibling. *D.G.N. v. S.M.*, 691 S.W.2d 909, 911–12 (Mo.1985) (en banc).

The trial court had clear, cogent and convincing evidence to terminate the parental rights of the mother as to L___ E___ and to M___ E___.[11] In terminating parental rights, the court must always act in the best interests of the child. *D.G.N.*, 691 S.W.2d at 911. We find the trial court acted in the best interest of the children.

Having found no error in the proceedings below, the judgment of the trial court is affirmed.

REINHARD, P.J., and CRIST, J., concur.

---

**6.** The trial court's order specifically stated that the out of court statements of the juveniles were admitted not for the truth of the matter asserted, but rather to show the sexual knowledge of the juveniles and that there was indication of sexual abuse of the juveniles.

**7.** The mother asserts the testimony is hearsay and cites *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698 (Mo.App.1984). But in that case the out of court statements and actions *were* used to prove the truth of the matter asserted, i.e., the father abused his child. In the present case the statements and actions are being used to prove the children's superior sexual knowledge, not that the mother or P___ T___ abused the children.

**8.** Because we have decided that the testimony did not constitute hearsay, we need not address the juvenile officer's contention that such testimony is admissible under the business records exception to the hearsay rule.

**9.** There was also some evidence that the mother suspected P___ T___ of the abuse. The mother denied at trial that she suspected P___ T___.

**10.** A positive sexual response with the Analeke dolls means the child placed the dolls in a definite sexual position.

**11.** A psychologist testified that the mother had a dysthymiac disorder, a long term depression, and an avoidant personality disorder. He testified the mother has an extreme preoccupation with sexuality and was capable of participating in or permitting sexual abuse of her children.