D.L.H., Petitioner–Appellant,

v.

H.T.H., Respondent–Respondent.

No. 55708.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 31, 1989.

Harold G. Johnson, Mitchell Johnson, St. Ann, for petitioner-appellant.

Laurence F. Alter, St. Louis, for respondent-respondent.

CRANDALL, Judge.

D.L.H. (wife) appeals from a decree of dissolution of her marriage to H.T.H. (husband).[1] The trial court awarded primary custody of their son, A.J., to husband. On appeal wife challenges certain evidentiary rulings by the trial court relating to the custody issue. We affirm.

In her first point, wife claims the trial court erred in refusing to permit Ms. Margaret Mensen, a therapist, to testify to A.J.'s statement to her regarding his possible observation of sexual activity.

The record shows that wife found A.J. engaging in sexually inappropriate activity with another six-year-old boy. Thereafter wife took A.J. to Ms. Mensen who, *inter alia*, interviewed him about the incident. Apparently, although it is not clear from the record, A.J. told Ms. Mensen where and under what circumstances he had observed similar activity, the inference being that he was imitating what he had seen.

At trial wife's counsel asked Ms. Mensen, on direct examination, what A.J. told her regarding his observation of the similar activity. Husband's counsel objected on

1. The juvenile court assumed jurisdiction of this case on motion of the parties. Section 211.051, RSMo (1986).

the ground of hearsay. Husband's counsel suggested that A.J. be questioned in the judge's chambers. Because the trial court and wife's counsel did not want A.J. to testify, the boy was not called as a witness.

The trial judge sustained the objection on the ground of hearsay, reasoning that the question called for hearsay and did not fall within the exception for testimony regarding sexual abuse of a child. Sexual abuse of a child required, in the trial court's definition, a physical touching of the child. In addition the trial court reasoned that the evidence was already before the court in the form of a court-ordered psychological evaluation that had been introduced into evidence. Wife's counsel did not make an offer of proof as to what A.J. told Ms. Mensen about the incident.[2]

Hearsay is a statement, other than one made by the declarant while testifying in court, offered in evidence to prove the truth of the matter asserted. Mo.Evidence Restated Sec. 801(c) (MoBar 1984); *In Interest of A.M.K.*, 723 S.W.2d 50, 53 (Mo. App.1986). Based upon the record before us, there is nothing to suggest that the purported statement was offered for any purpose other than the truth of the matter asserted. Clearly the excluded testimony falls within the hearsay definition.

Subject to certain limitations not here pertinent, a special exception to the hearsay rule exists in non-jury cases involving possible sexual abuse of a child. *In Interest of S.M.*, 750 S.W.2d 650, 654 (Mo.App. 1988). Flexibility is needed in these cases, even if the child might be qualified to testify, because of the emotional trauma that such an experience might cause, particularly when the alleged abuser is a parent of the victim. *In re Marriage of P.K.A.*, 725 S.W.2d 78, 81 (Mo.App.1987). The trial judge should be able to properly consider such evidence and determine its weight. *Id.* Parenthetically we note that the erroneous admission of evidence in a court-tried case is not grounds for reversal as long as there is substantial admissible evidence in

the record to support the judgment. *Juvenile Office of Cape Girardeau County v. M.E.J.*, 666 S.W.2d 957, 960 (Mo.App.1984).

■ The trial court recognized the applicable exception to the hearsay rule, but unduly limited the definition of sexual abuse of a child. While physical trauma can be an element of sexual abuse of a child, it is not a required element. Certainly, emotional harm, which may have been inflicted independent of any physical injury, would be included. An action for damages for the infliction of emotional harm does not require a contemporaneous, physical trauma or a touching. *Bass v. Nooney Co.*, 646 S.W.2d 765, 772–773 (Mo. banc 1983). In a proceeding involving the welfare of a child it would be incongruous to require a more rigid test. We therefore hold the trial court erred in refusing to permit Ms. Mensen to testify to A.J.'s statement regarding his observation of certain sexual activity.

■ Having concluded that there was error we now consider whether the error is preserved for appellate review and whether the error was prejudicial. Generally, an offer of proof must be made to preserve error when the trial court refuses to admit evidence on direct examination. *Frank v. Environmental Sanitation Management*, 687 S.W.2d 876, 883–84 (Mo. banc 1985); *Kummer v. Cruz*, 752 S.W.2d 801, 806 (Mo.App.1988). A narrow exception applies where: (1) all parties and the trial court completely understand what the proffered testimony will be; (2) the objection is to a category of evidence rather than to specific testimony; and (3) the record reveals that the evidence would have been helpful to the offering party. *Id.*

■ In this case it is unclear from the record what the proffered testimony would be or whether the excluded evidence would have been helpful to the wife. Additionally, an explanation of how A.J. observed certain sexual activity was already contained in the court-ordered psychological evaluation that was introduced into evidence. There was no offer of proof or other evidence to show that the court-or-

---

**2.** Wife's counsel made an offer of proof later in the examination as to what Ms. Mensen's opinion was regarding A.J.'s veracity.

dered psychological evaluation differed from the testimony refused from Ms. Mensen. We therefore conclude that wife's claim of error was not preserved; further there was no showing of prejudice. Wife's first point is denied.

■ In her second point, wife claims that the trial court erred in refusing to admit the opinion of Ms. Mensen that wife was competent as a parent. Husband objected to the testimony as an opinion that went beyond the scope of her training. Ms. Mensen is a marriage and family therapist who has a masters degree in social work with a concentration in clinical family practice.

Generally, questions of whether expert testimony should be admitted in a given situation and whether the witness possesses expertise in the field are left to the sound discretion of the court. M__ D__ v. C__ D__, 691 S.W.2d 406, 408 (Mo.App. 1985). The excluded opinion went beyond the expert's field of knowledge and invaded the province of the court. The ultimate decision of the court in a custody proceeding is based on more than just the mother's psychological profile. *Id.;* also *In re Marriage of H.B.,* 559 S.W.2d 73 (Mo.App. 1977). Here, the trial court allowed Ms. Mensen to testify to her observations of wife's interaction with A.J. Wife therefore received the full benefit of her expert's testimony regarding wife's parental competency. Ms. Mensen's final opinion on this point was a matter solely for the court's determination. Wife's second point is denied.

Wife's remaining points involve discretionary rulings by the trial court. No abuse of discretion appears. An extended opinion would have no precedential value. These points are denied in accordance with Rule 84.16(b).

The decree of dissolution is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.