**In the Interest of M.H., a child under seventeen years of age.**

**M.G., Plaintiff–Appellant,**

**v.**

**JUVENILE OFFICER OF CAPE GIR-ARDEAU COUNTY, Missouri, Defendant–Respondent.**

**No. 17254.**

Missouri Court of Appeals,
Southern District,
Division One.

April 24, 1992.

Thomas E. Bischof, Powell, Ringer & Bischof, Dexter, for appellant.

Chris N. Weiss, Lichtenegger, Payne & Weiss, Jackson, for respondent.

Paul W. Hahn, Marble Hill, Guardian ad litem.

PARRISH, Judge.

This is an appeal from an order terminating appellant's parental rights to M.H., his daughter.[1] § 211.477.1.[2] This court affirms.

---

1. The parental rights of the natural mother were also terminated. The mother had consented in writing to the termination of her parental rights. § 211.444.1. The mother does not appeal that order.

2. References to statutes are to RSMo 1986.

"Juvenile proceedings and appellate review of such, partake the nature of civil proceedings and the scope of review is as in court-tried cases." *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698 (Mo.App.1984). As such, this court's review is undertaken in accordance with Rule 73.01(c) as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's order terminating parental rights is the judgment from which this appeal was taken. §§ 211.261 and 211.477; Rule 120.01. As such that order "will be sustained ... unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron, supra*, at 32. The trial court's opportunity to have judged the credibility of the witnesses shall be given due regard. Rule 73.01(c)(2). This court, in its review of the trial court's decision, "shall view the facts and the reasonable inferences therefrom in the light most favorable to the trial court's order." *In Interest of M.L.K.*, 804 S.W.2d 398, 400 (Mo.App.1991). Further, since the trial court found more than one statutory ground for the termination of parental rights, "[i]f there exists one statutory ground for termination of parental rights, that is sufficient for termination provided it is in the best interests of the child." *In Interest of S__A__J__ and S__L__J__*, 818 S.W.2d 690, 703 (Mo.App.1991).

M.H. was born December 4, 1979. The marriage of appellant and D.Y., the mother of M.H., was dissolved March 29, 1985. D.Y. was awarded custody of M.H. and appellant was ordered to pay child support in the amount of $30 per week.

D.Y. testified that from 1980 to 1987, appellant was separated from his daughter "[t]he majority of the time." D.Y. left appellant four times, taking M.H. with her. "The rest of the times he left." The last time appellant had visited with M.H. was in August or September of 1985, "[a]fter the divorce." He visited with her for "[a]bout four hours." D.Y. was asked, "Are you aware of any efforts he made to try to help her after that time, after this time in '85." She answered, "I have never—[appellant] has never supported the child." D.Y. testified that the appellant had never requested additional visitation from her.

Before the marriage of D.Y. and appellant was dissolved, he had been confined in local jails on at least two occasions. He had spent one day in jail and paid a $10.00 fine, "or something like that," in October 1979 as a result of a charge of possession of liquor by a minor. In March 1984, he was confined for ninety days in the City of St. Louis workhouse for possession of a controlled substance. Appellant's periods of incarceration did not end after the dissolution of his marriage. In February 1986, he pleaded guilty to driving while intoxicated and received a suspended imposition of sentence. Four days later, he committed a second driving while intoxicated offense. He spent a "couple of days" in jail as a result of those offenses.

In July 1987, appellant "got into some trouble" for "uttering and publishing" a stolen check. As a result, appellant received a four-year sentence from a federal court. He served eighteen months of that sentence, "[c]ounting the halfway house." He was released from the halfway house in January 1989. That same month, appellant was involved in an automobile accident in Ozark County, Missouri, that resulted in the death of another person. Appellant was charged with involuntary manslaughter. He was tried and found guilty of that offense and was sentenced to six years' imprisonment. Appellant was serving that sentence at the time of the trial of this case.

Since the dissolution of marriage, appellant had paid no money for the support of the child. He provided no food, clothing, or gifts for her. Those failures by appellant were not unlike what had occurred before the dissolution of marriage. Appellant was asked about his employment during periods of separation from D.Y. and M.H., before his marriage was dissolved. He was asked about the time he was separated from D.Y. for "about a year and a half from early 1984 to 1985." Appellant "believe[d]" that he "was doing the general hauling and basement cleaning and garages." He was

staying with his father. He explained, "[T]hat's when I was having problems with the D.W.I. and things, traffic tickets; I didn't make very much."

Appellant was asked, generally, about the type of employment that was available to him from 1980 until the time of the trial. He was asked the following questions and gave the following answers.

Q. Were you separated from [M.H.] a number of times starting in 1980 until the present time?

A. Yes, sir.

Q. And did you have the kind of employment you feel like you could have provided for her?

A. Then?

Q. Uh-huh.

A. No, sir.

Q. Why didn't you?

A. I was drinking heavily and I just didn't.

The trial court's findings, set forth in its Findings of Fact and Order Terminating Parental Rights of Mother and Father, included:

1. The Court finds by clear, cogent and convincing evidence the following concerning the natural father, [appellant]:

(a) It is in the best interests of the child that the parental rights of [appellant] in and to [M.H.] should be terminated.

. . . . .

(c) [Appellant] has a lengthy record of law violations, including at least two felony convictions, and on February 7, 1990, was sentenced to the Missouri Department of Corrections for six years. Although imprisonment does not per se constitute abandonment, the conduct of [appellant] infers that reunification with [M.H.] was not a high priority.

(d) [Appellant] abandoned [M.H.] for a period exceeding six months and has left her without provisions for parental support, and without making arrangements to visit or communicate with her, although able to do so. The court attaches little weight to the very token effort made by [appellant] to preserve the parent-child relationship.

. . . . .

Although appellant presents five points on appeal, consideration of his second and fifth points affords the basis for disposition of this appeal. The second point on appeal asserts that "[t]he amended petition, paragraph 7(d) fails to state a cause of action upon which relief can be granted because it failed to include as required by Rule 114.-01(b)(3) the date, place and manner of the acts alleged because it failed to specify what six month period the appellant, . . . failed to support his daughter."

The fifth point on appeal is also directed to paragraph 7(d) of the amended petition. It asserts "[t]he trial court errored [sic] because there was not sufficient evidence to justify a finding under paragraph 7(d) of the amended petition to terminate parental rights under section 211.447.2(1)(b) because the appellant had not abandoned his child for a period in excess of six months and he did not without good cause fail to provide support for his daughter or fail to communicate with his daughter."

Paragraph 7(d) of the First Amended Petition to Terminate Parental Rights, the pleading upon which this case was tried, states:

7. The termination of all parental rights of [D.Y.] and [appellant] in, over and to [M.H.] is being sought by the filing of this Petition and the institution of this proceeding by Petitioner in accordance with Section 211.447.2, RSMo. (1986 Supp.) for the reasons that:

. . . . .

(d) As to the natural father, [appellant], said parent's rights should be terminated pursuant to Section 211.447.-2(1)(b) in that this child has been abandoned for a period in excess of six (6) months; and that said parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child although able to do so.

. . . . .

Section 211.447.2(1)(b) states:

2. The juvenile court may terminate the rights of a parent to a child upon a petition filed by the juvenile officer ..., if it finds that the termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:

(1) The child has been abandoned. The court shall find that the child has been abandoned if, for a period of six months or longer for a child over one year of age or a period of sixty days or longer for a child under one year of age at the time of the filing of the petition:

.       .       .       .       .

(b) The parent has without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so;

.       .       .       .       .

Rule 114.01(b)(3) states:

b. The petition may be filed upon information and belief, and shall set forth plainly and concisely, with reasonable particularity:

.       .       .       .       .

(3) the facts which bring the juvenile within the jurisdiction of the juvenile court, including the date, place and manner of the acts alleged and the law or standard of conduct, if any, allegedly violated by the acts; and

.       .       .       .       .

■ As appellant points out in his second point on appeal, the amended petition does not specify the six-month period in which appellant abandoned M.H. A review of the record on appeal does not reveal that any complaint was made to the trial court about the pleading nor that any objection was made regarding any of the evidence presented. There was ample evidence that appellant failed to maintain contact, or to communicate with, or to provide for the support, financial or otherwise, of his daughter, M.H., for various six-month periods, both before the dissolution of his marriage to D.Y. and after that dissolution. Appellant had not moved for a more definite statement prior to trial nor did he object to the evidence at trial as being outside the scope of the pleadings or otherwise inadmissible.

> Broadly speaking, failure to timely and specifically object to evidence beyond the scope of the pleadings constitutes implied consent for determination of issues thereby raised. *East v. Landmark Central Bank & Trust Company*, 585 S.W.2d 222, 226 (Mo.App.1979). Issues so tried by implied consent are treated as if raised by the pleadings even though the latter are not formally amended to conform to the evidence. Rule 55.33(b); and *Shelton v. Julian*, 610 S.W.2d 129, 131 (Mo.App.1980).

*Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo. App.1984).

■ Having failed to object to the evidence adduced at trial regarding the numerous periods in excess of six months in which appellant absented himself, and did not maintain contact or communication nor provide support in any form to M.H., appellant may not now complain for the first time that the pleadings upon which this case was tried failed to identify a particular six-month period during which he abandoned M.H. The pleadings are deemed to have been amended by implied consent to conform to the evidence. Although the better practice would have been for the juvenile officer to have identified the period of abandonment in the petition for termination of parental rights with particularity, consistent with the language in Rule 114.- 01,[3] the failure to do so under the facts of this case did not prejudice appellant. The statutory period for abandonment for a child that is over one year old is "six months or longer." § 211.447.2(1). It is

**3.** Rule 121.02 references Rule 114.01 for purposes of establishing the "form" for a petition for termination of parental rights. § 211.452 states what shall be included in a petition to terminate parental rights. The statute does not include the requirement that the petition to terminate parental rights contain "the date, place and manner of the acts alleged," as is prescribed in Rule 114.01(b)(3).

unnecessary that the period relied upon in order to show abandonment be limited to six months. See *In Interest of C.R.*, 758 S.W.2d 511, 513 (Mo.App.1988), in which the abandonment for purposes of terminating parental rights occurred over a three-year period. Appellant's second point is denied.

Appellant, by his fifth point on appeal, contends that the finding by the trial court that appellant had abandoned M.H. for a period in excess of six months and had, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child although able to do so was not supported by sufficient evidence.

Appellant's argument is founded upon the evidence at trial that he was imprisoned at various times. Appellant was imprisoned for half of 1987, all of 1988, most of 1989, and all of 1990 up to the date of the trial of this case. Appellant contends that the juvenile officer did not prove that his failure to provide for M.H. and to visit or communicate with her occurred "without good cause." He contends that his imprisonment made him unable to provide for M.H. and to visit or otherwise communicate with her and, therefore, there was "good cause" for those failures.

This case is, in many respects, similar to *In Interest of M.L.K.*, *supra*. In *M.L.K.*, a parent (the mother) had been incarcerated. Her parental rights were terminated on the grounds of abandonment. On appeal, the parent contended that there had been no evidence that she had possessed the ability to support her child during the six-month statutory period of abandonment, either financially or by maintaining contact with the child.

■ The court's determination of the issues presented in *M.L.K.* are apropos to the issues raised in this appellant's fifth point on appeal. The court, in *M.L.K.*, addressed the issue of financial support:

This court has recognized on previous occasions that incarcerated parents receive only minimal wages. *In Interest of B.A.F.*, 783 S.W.2d [932] at 934 [(Mo.App.1989)]. However, the substantially reduced wages received by incarcerated parents do not excuse their obligation under § 211.447 to make monetary contributions towards support of their children. *Id.* Granted, such a contribution from an incarcerated parent will not significantly assist in providing the parent's child with essentials, but even a minimal contribution evinces the parent's intent to continue the parent-child relationship. Evidence of this intent, a central consideration in the court's determination, is lacking when, such as here, the parent fails to make any contribution, no matter how diminutive the amount.

804 S.W.2d at 402.

The court also addressed the issue of maintaining contact with the child through visitation and communication:

Appellant correctly asserts that incarceration alone may not be used as a ground upon which to terminate parental rights. *See In Interest of H.M.*, 770 S.W.2d [442] at 444 [(Mo.App.1989)]. However, § 211.447 clearly implies that parents have a duty to provide their children with a continuing relationship through communication and visitation. *Roe v. Ross*, 701 S.W.2d 799, 802 (Mo. App.1985). Incarceration does not excuse a parent's obligation to provide the parent's child with a continuing relationship, and parental rights may properly be terminated while the parent is incarcerated. *See In Interest of B.A.F.*, 783 S.W.2d at 934; *In Interest of H.M.*, 770 S.W.2d at 445.

*Id.*

The facts and the reasonable inferences that may be drawn therefrom, considered in the light most favorable to the trial court's order, support its holding that appellant abandoned M.H. for a period exceeding six months; that he left the child without providing for parental support and without making arrangements to visit or communicate with her or to maintain, in any respect, a parent-child relationship. The evidence supports that appellant abandoned the child in 1985, in August or Sep-

tember of that year, and that the period of abandonment continued until the date of the trial of this case on April 6, 1990, a period of more than six months.

Having determined that the trial court did not err in finding abandonment, it is unnecessary to address the other issues that appellant presents on appeal with respect to other grounds upon which the trial court relied in terminating the parental rights of appellant. Furthermore, although appellant did not challenge the trial court's finding that it is in the child's best interests for the parental rights to be terminated, this court observes that the record amply supports that determination. The judgment is affirmed.

PREWITT, P.J., and CROW, J., concur.