**In the Interest of K.H., a Minor under the age of seventeen years.**

**P.H., Appellant,**

**v.**

**Wilbert LONG, Juvenile Officer of the Juvenile Division of the Twenty-Second Judicial Circuit, Respondent.**

**No. 45191.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

H. Carl Kuelker, St. Louis, for appellant.

Andy Kotschar, St. Louis, for respondent.

CRIST, Judge.

Juvenile proceeding under § 211.031.-1(1)(A) and (B), (RSMo. Supp.1982) (effective Aug. 13, 1980). The juvenile court gave custody of an infant to the Missouri Division of Family Services with directions as to the return of custody to the child's mother. Mother appeals. We affirm.

Mother asserts that there was not sufficient evidence to show that the child was in a dangerous environment and not

receiving proper care. The statute, however, does not require a finding of a dangerous environment. To assert jurisdiction, the juvenile court must find clear and convincing evidence that the child is in need of care and that this need has arisen because the parent has neglected to provide the care necessary for the child's well-being. Section 211.031.1(1), (RSMo. Supp.1982) (effective Aug. 13, 1980); *In re Dimmitt,* 560 S.W.2d 368, 371–72 (Mo.App.1977).

 Our standard of review is one of deference to the trial court whose judgment will be sustained unless there is no substantial evidence to support it. *L. v. Jackson County Juvenile Court,* 544 S.W.2d 330, 332 (Mo.App.1976).

Although mother asserts there is insufficient evidence to support the finding, the record is replete with evidence that she was incapable of providing proper care for the child. The record shows that on two occasions mother was treated for depression and was diagnosed as moderately mentally retarded. Subsequently, in June of 1981, mother was hospitalized because she exhibited bizarre and inappropriate behavior. There was also concern she might hurt herself. At that time, she was diagnosed as having a schizo-affective disorder, which combines symptoms of schizophrenia and depression, and moderate mental retardation. Mother was discharged from the hospital against medical advice. Further, she failed to visit the out-patient clinic for follow-up treatment as her psychiatrist instructed. There was also evidence that mother was non-compliant about taking the medication prescribed for her condition. In addition, she admitted "shooting drugs." The psychiatrist testified that such drug abuse would only aggravate her condition.

In August of 1981, mother exhibited unusual behavior and gave inappropriate responses during a clinic interview. The attending doctor concluded mother could not properly administer antibiotic medicine to the infant nor provide the child adequate care in general. The juvenile court's finding that mother was not capable of caring for an infant was therefore supported by the testimony of this doctor, the psychiatrist, and another medical doctor.

The Missouri Supreme Court recently emphasized the deference due the juvenile court's findings in *In re C.L.M.,* 625 S.W.2d 613 (Mo. banc 1981). In *C.L.M.,* the court found the mother was suffering from residual schizophrenia and was incapable of caring for an infant. The finding was based on the testimony of a psychologist, despite the contrary testimony of a psychiatrist. *Id.* at 615. The instant case, however, had no such conflicting evidence to support a conclusion that mother was capable of caring for the child. In light of the *C.L.M.* case and the ample evidence in the record supporting the juvenile court's finding, the judgment must be affirmed.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.