**In the Interest of J.M.P., a Minor.**

**No. 13362.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 17, 1984.

John M. Garrity, Joplin, for appellant-Mother.

Thomas E. Klinginsmith, Carthage, Guardian Ad Litem.

Cynthia J. Campbell, Webb City, for Jasper County Juvenile Office.

MAUS, Presiding Judge.

The petition of the Juvenile Officer alleged the minor child, J.M.P., was in need of care and treatment because the mother had neglected or refused to provide medical care necessary for her well-being. The circuit court ordered the child placed in the custody of the Division of Family Services pursuant to § 211.031.1(1)(a), RSMo (Supp. 1983). The mother challenges the sufficiency of the evidence to support that order.

The standard of review on this appeal is one of deference to the trial court. *In Interest of K.H.,* 652 S.W.2d 166 (Mo. App.1983). The evidence and all reasonable inferences therefrom will be considered in the light most favorable to the court's order. *In re B.G.S.,* 636 S.W.2d 146 (Mo.App.1982). So viewed, the evidence fairly supports the following statement of facts.

The minor child, J.M.P., was born June 12, 1974. Appellant and the child's natural father subsequently divorced. Appellant was awarded custody of J.M.P. Appellant later remarried. J.M.P. continued to live with appellant and her new husband.

For some time prior to January, 1983, J.M.P. had exhibited a variety of behavioral disorders. It was stipulated the daughter was in need of psychiatric treatment. Appellant sought treatment for J.M.P. on an outpatient basis at the Ozark Mental

Health Center in Joplin, Missouri. From January to March, 1983, a total of four appointments with a clinical psychologist at that facility were scheduled. Only three of those appointments were kept.

J.M.P. was diagnosed as suffering from severe emotional problems which were attributed to deprivation at home and lack of attachment to significant parent figures. She was said to be a very seriously alienated child in response to a very depriving environment. Her condition was described as "moderate—moderately severe." A clinical psychologist testified that J.M.P. was in need of three to six months of residential treatment with cooperation from her family in order for the treatment to have any lasting effect. This clinical psychologist also said her problems were too serious for outpatient treatment. A second clinical psychologist concurred in this assessment and added that J.M.P. would not benefit from outpatient treatment.

Appellant was informed of J.M.P.'s need for residential treatment in April, 1983. She made no effort at that time to enroll J.M.P. in a residential treatment program. Further, from April to May, 1983, appellant made no appointments for J.M.P. at Ozark Mental Health Center as an outpatient. This may be partly attributable to the fact that J.M.P. was placed in the temporary custody of the Division of Family Services on April 20, 1983. Appellant voluntarily agreed to place J.M.P. in the residential treatment program beginning May 25, 1983. On May 25, 1983, custody was returned to appellant. At the mother's request, enrollment in the residential treatment program was postponed until May 31, 1983.

Appellant failed to enroll J.M.P. in the residential program on May 31. She had decided she would not enroll her in that program. At approximately 12:00 p.m. that day, she called the facility to arrange for an outpatient appointment. She was told to call back when the clinical psychologist had returned. Appellant called the facility again at 2:00 p.m. that same day. As she was actually on the phone, the juvenile authorities arrived at her home to take custody of J.M.P. pursuant to court orders. Custody was placed with the Division of Family Services. J.M.P. was enrolled in the residential treatment program that very afternoon by the juvenile authorities.

■ Section 211.031.1(1)(a) provides in part that the juvenile court shall have exclusive original jurisdiction in proceedings involving any child alleged to be in need of care and treatment because the parents or other persons legally responsible for the care and support of the child have neglected or refused to provide proper medical, surgical or other care necessary for his well-being. This section permits the prevention of social, physical and psychological deterioration of children. *In Interest of C.L.M.*, 625 S.W.2d 613 (Mo. banc 1981). To assert jurisdiction under § 211.031.-1(1)(a), the juvenile court must find clear and convincing evidence that the child is in need of care and that this need has arisen because the parent has neglected to provide the care necessary for the child's well-being. *In Interest of K.H.*, supra; *In Interest of Dimmitt*, 560 S.W.2d 368 (Mo. App.1977).

■ Appellant does not contend that the child in question was not in need of care and treatment. She argues that she has not neglected or refused to provide the necessary medical treatment because the child had received psychological treatment on an outpatient basis. "Certainly, the concept of 'neglect' does cover a situation where a parent fails and refuses to offer a child *necessary* medical attention." *In re C_____ F_____ B_____*, 497 S.W.2d 831, 834 (Mo.App.1973) (emphasis added). In this case, the clinical psychologists testified that outpatient treatment was not adequate treatment. They agreed that what was necessary for J.M.P. was an extensive program of full-time treatment in a residential setting.

Appellant originally agreed to seek such treatment for her daughter. At the hearing the mother admitted, "I know she needs the help." That consent was later

withdrawn. Appellant did not enroll J.M.P. in the residential treatment program on either of two scheduled dates. She had determined she would not do so. Such a failure to follow through on plans for obtaining necessary psychological help for a child constitutes neglect. *Matter of Ray*, 95 Misc.2d 1026, 408 N.Y.S.2d 737 (1978). The trial court properly concluded that appellant had neglected or refused to provide J.M.P. with proper care necessary for her well-being.

Appellant's reliance on *In re C——— F——— B———*, supra, is misplaced. In that case the parents had removed their hyperactive child from a treatment program contrary to medical advice. The parents immediately placed the child in an alternate program and sought the services of a private psychiatrist. The transfer of custody order was reversed on the grounds that this constituted adequate medical care. No such attempts to secure adequate, alternate treatment were demonstrated in this case. Appellant refused to enroll J.M.P. in a residential treatment program. She continued to seek outpatient treatment for her which would be of no benefit to the child.

The appellant also seizes upon language used by the trial court to the effect it was acting in the best interests of the child. She contends this demonstrates the trial court was choosing between the adequate alternatives of residential treatment and outpatient treatment. She argues this was the prerogative of the parent and provides no basis for the jurisdiction of the court. First, the court was using this language to differentiate between the desires of the mother and the needs of the child. Second, her contention ignores the evidence. The choice was to permit the child to remain in the environment that was causing the serious emotional problem or to provide acceptable medical treatment. That was residential treatment which the mother refused to provide.

Under these circumstances, the determination of the trial court that clear and convincing evidence established the mother neglected to provide necessary medical treatment was supported by the record. *In Interest of K.H.*, supra. The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.