**In Interest of S.B., a Minor.**

**E.C., Appellant,**

**v.**

**Wilbert LONG, Chief Juvenile Officer, Respondent.**

**No. 50118.**

Missouri Court of Appeals, Eastern District.

May 6, 1986.

Motion for Rehearing and/or Transfer Denied June 4, 1986.

Application to Transfer Denied July 15, 1986.

Neil J. Bruntrager, St. Louis, for appellant.

John T. McCaffrey, St. Louis, for respondent.

SNYDER, Judge.

Mother appeals from a judgment placing S.B., her minor child, under the supervision of the Division of Family Services with primary custody of S.B. to the natural father and temporary custody of S.B. to mother on weekends. S.B. was born on June 19, 1978. The trial court found mother guilty of neglect of S.B. under Sec. 211.031(1)(a) and (b) RSMo.Cum.Supp.1984, as charged in the first amended petition, which alleged the mother left S.B. in the care of a cousin whom the mother knew

had previously sexually molested another cousin. The judgment is reversed.

■■■■■ Juvenile proceedings, and appellate review of them, are in the nature of civil proceedings and the scope of review is as in court-tried cases. *C.R.K. v. H.J.K.*, 672 S.W.2d 696, 698[1] (Mo.App.1984). The standard of review of the assertion of jurisdiction by the juvenile court upon its finding that the child is in need of care because of parental neglect is one of deference to the trial court whose judgment will be sustained unless there is no substantial evidence to support it. *In Interest of K.H.*, 652 S.W.2d 166, 167[2] (Mo.App.1983).

The record disclosed that mother, a single parent, was working part-time and attending college, a schedule demanding that she entrust S.B. to either mother's sister or a cousin, both of whom lived with mother, to baby-sit with S.B. on Tuesday and Thursday afternoons and Saturday and Sunday mornings. When these relatives were unavailable, mother made alternate arrangements to take S.B. to stay with mother's aunt.

One afternoon in late August 1984, mother left S.B. at this aunt's residence. Although the aunt was not expected home until later, mother's eighteen year old cousin Darren Seals was there, as well as two younger boys for whom Seals was baby-sitting. Mother left S.B. with Seals. That afternoon, Seals sexually molested S.B., who became infected with gonorrhea and herpes as a result of his molestation. S.B. did not tell mother about the assault until about one week later. Mother immediately took S.B. to the hospital where she was treated.

Following the sexual abuse report of S.B., the juvenile authorities took custody of S.B. and later filed a petition charging mother with neglect. The petition for neglect alleged that Seals had previously sexually molested another child and that mother "was aware of the prior sexual molestation".

Mother argues the evidence failed to establish that Seals had, in fact, previously sexually molested another child. Mother emphasizes that while the evidence showed that Seals had been charged about two years before with sexual abuse of the other child, also a cousin, he had never been convicted of that charge. Although mother was aware of the charge of the prior sexual molestation, she questioned its accuracy.

Both mother and her sister testified to their belief that the prior sexual abuse charge against Seals had been a fabrication, the result of a totally unrelated "family feud". They testified that this dispute originated when Seals and his mother lived with another family member who wanted them to pay more rent or move out. This same family member supposedly had persuaded the other child allegedly molested by Seals to bring the charge against him in order to make Seals and his mother move.

■■■■■ There was no substantial evidence that Seals had, in fact, previously abused the other child. The allegation forming the basis for the neglect petition is not supported by the evidence. Although mother may not have exercised the best judgment in leaving her daughter with someone who had been accused earlier of a sexual offense, a reasonable basis existed for her belief Seals had been unjustly charged.

No other evidence even remotely intimates the absence of concerned parenting by mother with respect to the welfare of S.B. This isolated incident does not suggest the failure by mother to supply the minimum quality of care which the community will tolerate. *In Re C.F.B.*, 497 S.W.2d 831, 837[6] (Mo.App.1973).

No substantial evidence supports the trial court finding that mother was guilty of neglect as charged. Mother's motion objecting to respondent's supplemental legal file is denied as moot.

The judgment is reversed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.