**In the Interest of S.H., et al., Juveniles, Respondents,**

v.

**O.M.H., Appellant.**

**No. 57621.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 11, 1990.

Margaret Ellen Gangle–Casinger, Rock Hill, Jeffress B. Hailand, Stephen Michael Ryals, Clayton, for appellant.

Andrew Thomas Kotschar, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, O.M.H., appeals from an order of the Circuit Court of the City of St. Louis granting physical custody of her five children to S.B., the putative father of the children. We affirm.

The five children whose interests were at stake were born to O.M.H. and S.B. out of wedlock and are between the ages of 6 and 10 years of age. The Missouri Division of Family Services (Division) had monitored the care of the children since 1984. While O.M.H. and S.B. never lived together after 1984, they apparently would share in the custody of the five children. According to the social service worker assigned to the case, O.M.H. had difficulty maintaining her

own apartment and moved in with relatives when searching for a new residence. S.B. would take custody and care for the children while O.M.H. was looking for this new residence.

Sometime around July of 1989, O.M.H. moved in with her sister. When her sister moved from the apartment, O.M.H. maintained it and took custody of her five children from S.B. On July 7, 1989, the Division's social service worker paid O.M.H. a visit to inspect the living quarters and condition of the children. This visitation precipitated the present action.

The social service worker testified that the children greeted her dressed in extremely dirty underwear and smelled of urine. O.M.H. instructed the children to get dressed and, when they hesitated to do so, O.M.H., in the presence of the social service worker, swung a phone cord or extension cord in their direction, striking one of the children. O.M.H. stopped swinging the cord only upon the request of the social service worker who feared that O.M.H. might hurt the children. When the children returned dressed, their clothing was also extremely dirty and the worker stated that their skin was covered with dust or dirt.

Based on the foregoing, five separate petitions were filed, each charging that O.M.H. was not providing her children with the proper care, custody or support pursuant to RSMo § 211.031.1(1)(b) (Supp.1989). The children were taken by the Division on July 12, 1989, and a hearing was held on November 15, 1989.

Sometime prior to this hearing, O.M.H. moved to Milwaukee, Wisconsin to take up residence. She lives in Milwaukee with her sister and sister's two children. Apparently, appellant was not employed in Milwaukee and, as far as the record shows, was not employed when she lived here in St. Louis.

The trial court, after considering all of the foregoing, found that O.M.H. had neglected to provide the children with the proper care, custody and support. The court also found that the putative father, S.B., had not neglected the children nor was he unable to care for them. Although the State had sought to deny S.B. custody, the court ordered that custody be given to S.B. with his understanding that he cooperate with the Division of Family Services.

O.M.H. appeals the court's grant of custody to S.B. and asserts that this decision was against the weight of the evidence.[1] Appellant contends that the record shows that the children's best interests would have been promoted by returning their custody to her. We disagree.

■ To assert jurisdiction, the juvenile court must find clear and convincing evidence that the children are in need of care and that this need has arisen because the parent neglected to provide the needed care. RSMo § 211.031.1(1); *In re K.H.,* 652 S.W.2d 166, 167 (Mo.App., E.D.1983). When a child (or children) is properly before a competent court and the welfare of the child is at issue, the child becomes a ward of the court and the court has the inherent jurisdiction to adjudicate custody as it deems will best preserve and protect the child's welfare. *In re K.P.B.,* 625 S.W.2d 692, 695 (Mo.App., E.D.1981). In reviewing the actions of the trial court, we afford it great deference, sustaining the court's judgment unless there is no substantial evidence to support it. *In re K.H.,* 652 S.W.2d at 167.

■ In the instant action, the court was presented with five children whose custody had been shifted from their natural mother to putative father from time to time. In addition to the fact that neither parent worked nor possessed substantial income (both relied on Social Security), the movement between parents, from one home to another, was not a stable environment. There was also testimony that, at times, the five children would be split up between appellant and the putative father.

The incident of July 7, 1989, clearly indicated that the children did not receive even minimal hygienic care. The conditions

1. Neither the Division of Family Services, S.B., nor the guardians ad litem of the children have filed briefs in this appeal.

present on July 7, were substantiated by prior reports to the Division by the children's school which reported that they often smelled of urine. We believe that there was substantial evidence for the court to find that the children, while in the custody of O.M.H., were without the proper care they required.

█ While there was testimony regarding one incident of a hot-line call to the Division regarding the condition of the children while S.B. was taking care of them, there was also substantial evidence to find that S.B. maintained a suitable environment for the children. The social worker testified that S.B.'s residence was adequate and that S.B. could control the children's behavior. S.B., according to the social worker, provided the children with structure and discipline and wanted to receive custody.

█ The trial court, faced with this factual situation, determined that the children's best interests at the present time would be served by their being with their putative father. Not only does this order promote the children's stability, but it is not irrevocable if the situation changes. Custody is not a permanent status but may be changed by a court of competent jurisdiction when dictated by the needs of the child. *In re K.P.B.*, 625 S.W.2d at 695. If problems subsequently develop, the children's best interests can be protected; custody could be changed, if warranted.

The judgment of the court is affirmed.

CRIST and HAMILTON, JJ., concur.