In the Interest of C.K.M.H., a Minor.

John R. JOHNSON, Chief Juvenile
Officer, Respondent,

v.

M.H., Natural Mother, Appellant.

No. WD 45245.

Missouri Court of Appeals,
Western District.

May 26, 1992.

Pamela L. Cone, St. Joseph, for appellant.

James A. Nadolski, St. Joseph, for respondent.

Mary Vegh Hower, St. Joseph, Guardian ad litem.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

PER CURIAM.

This appeal is from the Juvenile Division of the Circuit Court of Buchanan County. The order which is being appealed found C.K.M.H., the daughter of M.H., should be made a ward of the county and placed in the care and custody of the division of family services (DFS). The child was placed in the custody of the appellant's brother and sister-in-law.

The involvement of DFS arose out of past problems appellant experienced with her first child who is now in foster care. Concern arose with regard to C.K.M.H. because M.H. had placed her daughter in three different homes with different guardians for extended periods of time.

At the time of the hearing C.K.M.H. was only eight months old, however, appellant had voluntarily placed the child with other individuals for a total of five to six months of that time. Additionally, it appeared the child was being neglected because one side of the infant's head was flattened. Because of these problems, DFS sought court intervention.

Appellant raises two points on appeal. She first contends the trial court failed to make specific findings as required by § 211.183 RSMo (Supp.1991), and Rule 119.06. Because specific findings were not made, she contends the judgement is insufficient and should be set aside. It will be unnecessary to address the second issue as the first issue is dispositive.

Section 211.183.3 and .5 RSMo (Supp.1991), requires the court to make specific findings with regard to the services provided to the family. It also requires a particular description of efforts made to eliminate the necessity of removing the child from the home. (See Appendix 1 for a full description of § 211.183, RSMo (Supp.1991)).

The salutary purpose of the statute is to assure the trial court has focused upon the facts which must be established as a predicate to the drastic measure of removing the child from the care and custody of the natural parents, and, furthermore, to as-

sure the reviewing court that all such facts have been closely considered. "The emphatic direction of § 211.183, that only after reasonable effort to avoid the need for removal of a child from the home may the order for removal issue, expresses the legislative concern for the integrity of the family consonant with the welfare of the child." *In Interest of A.L.W.*, 773 S.W.2d 129, 134 (Mo.App.1989). The requirements of § 211.183 rests on the reality that the "adjudication of parental neglect which empowers the juvenile court to assume jurisdiction over the child to the temporary exclusion of the parent constitutes prima facie evidence of permanent neglect, and so augurs a termination of the parental right altogether." *Id.* at 134.

 It is imperative the trial judge make specific findings in order to assure every fact is being considered. In this case, the judge failed to make specific findings of fact as required by § 211.183 RSMo (Supp. 1991). The trial court's order states in pertinent part:

> That the natural mother does not have the capacity to provide proper care for this child and to ensure the child's health and safety which would put the child at risk and the natural mother has failed to cooperate with the Division of Family Services. Further, that reasonable efforts have been made by the Division of Family Services to prevent or eliminate the need for removal of said child from the child's home and that the continuation of the child in her home is contrary to said child's welfare, and that this child is in need of care and protection.

When an order of a court in juvenile proceedings fails to comply with § 211.183, the order is unformulated and is insufficient as a judgment for change of custody. *In Interest of A.L.W.*, 773 S.W.2d at 134. The order issued by this court failed to comply with § 211.183 in some respects. First, it does not include any description of what preventive or reunification efforts were made and does not state why further efforts could or could not have prevented or shortened the separation of the family as required by § 211.183(3). The statute

requires a brief description of the preventive or reunification efforts that have been made. However, the trial judge only stated that "reasonable efforts" had been made. There was no specific description of what types of services had been utilized by DFS to prevent the removal of this child from her home. Additionally, § 211.-183(5)(4) also requires the trial judge state specifically why efforts implemented to provide family services did not prevent the ultimate removal of the child. Again, the order in question only states "reasonable efforts were made to prevent the need for removal."

Merely noting that "reasonable efforts" had been made by DFS does not rise to the level of giving brief descriptions of what efforts were or are being made. Glossing the facts with conclusory phrases or words goes against the intent of the statute.

Judgement reversed and cause remanded for specific fact findings as required by the statute, and for a new judgment. The court upon remand may in its discretion reopen the case for additional evidence. On another appeal the parties need not duplicate the record and briefs now before the court, but may supplement them as indicated by additional trial court proceedings upon remand.

REVERSED and REMANDED.

### APPENDIX

§ 211.183 RSMo (Supp.1991)

1. In juvenile court proceedings regarding the removal of a child from his home, the order of disposition shall include a determination of whether the division of family services has made reasonable efforts to prevent or eliminate the need for removal of the child and, after removal, to make it possible for the child to return home. If the first contact with the family occurred during an emergency in which the child could not safely remain at home even with reasonable in-home services, the division shall be deemed to have made reasonable efforts to prevent or eliminate the need for removal.

2. "Reasonable efforts" means the exercise of reasonable diligence and care by the division to utilize all available services related to meeting the needs of the juvenile and the family.

3. In support of its determination of whether reasonable efforts have been made, the court shall enter findings, including a brief description of what preventive or reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family. The division shall have the burden of demonstrating reasonable efforts.

4. The juvenile court may authorize the removal of the child even if the preventive and reunification efforts of the division have not been reasonable, but further efforts could not permit the child to remain at home.

5. Before a child may be removed from the parent, guardian, or custodian of the child by order of a juvenile court, excluding commitments to the division of youth services, the court shall in its orders:

(1) State whether the removal of the child is necessary to protect the child and the reasons therefore;

(2) Describe the services available to the family before removal of the child, including in-home services;

(3) Describe the efforts made to provide those services relevant to the needs of the family before the removal of the child;

(4) State why efforts made to provide family services described did not prevent removal of the child; and

(5) State whether efforts made to prevent removal of the child were reasonable, based upon the needs of the family and child.