In the Interest of J.M.C.
& N.R.C., Plaintiffs,

K.C., Natural Mother, Appellant,

v.

PLATTE COUNTY JUVENILE
OFFICE, Respondent.

No. WD 51389.

Missouri Court of Appeals,
Western District.

April 23, 1996.

Lisa Rehard, Platte City, for Appellant.

Abe Shafer, IV, Weston, for Respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Appellant, K.C., appeals from a final judgment of the Juvenile Division of the Circuit Court of Platte County, Missouri, the Finding of Jurisdiction and Order of Disposition, entered pursuant to Supreme Court Rules 119.02 and 119.06 ordering J.M.C. and N.R.C. placed in DFS custody for alternative care placement. Appellant asserts five points on appeal: (1) in Point I the juvenile court erred in admitting hearsay statements regarding a bump on J.M.C.'s head; (2) in Points II and III the juvenile court erred in finding abuse and neglect; (3) in Point IV the juvenile court erred in admitting the DFS Affidavit of Reasonable Efforts offered by the guardian ad litem; and, (4) in Point V the juvenile court erred in relying on the DFS affidavit as its reasonable efforts finding as required by § 211.183. We reverse and remand.

## FACTS

On January 13, 1995, J.M.C., a male child age 5 and N.R.C., a male child age 2, were removed from their mother's, K.C.'s, custody and detained under the temporary custody of the Juvenile Court of Platte County and the Missouri Division of Family Services for alternative care placement. On January 19, 1995, a detention hearing concerning the children was held, wherein the court entered an Order of Detention ordering that the children be detained in the temporary custody of the Missouri Division of Family Services, Platte County Office, for alternative care placement under the supervision of the court pending a hearing on the petitions filed in the matter. The juvenile officer filed her first amended petition on April 4, 1995.

The hearing on the petitions was held June 21, 1995. The first amended petitions filed concerning each child alleged certain acts of abuse and neglect by K.C. toward J.M.C. and N.R.C. Between June of 1993 and January 13, 1995, when the children were removed from K.C.'s custody, the Division of Family Services had eleven contacts with K.C. and her children. Nine of the eleven abuse and neglect hotline reports were substantiated.

As a result of a bump on J.M.C.'s head, allegedly from being disciplined with a plastic baseball bat, the Division of Family Services decided to remove the children from K.C.'s custody. On the evening of January 13, 1995, Darlene Dillard, a Social Services worker, and accompanied by David Sandgren, a Kansas City Police Officer, went to K.C.'s apartment for the purposes of removing J.M.C. and N.R.C. K.C. locked herself, J.M.C. and N.R.C. in the back bedroom. She called a downstairs neighbor and asked her to open her downstairs window so she could pass her children out her third story bedroom window down to the neighbor. The neighbor contacted the police officer who then broke through the bedroom door at which time K.C. rushed towards the officer and was arrested. J.M.C. and N.R.C. were placed in DFS custody pending hearing.

K.C. and her children received certain services between June 1993 and January 1995. Those services included counseling of J.M.C. beginning in September 1993 and United Services provided parent aides to K.C. from July 1, 1993 through January 1995. In March 1994, Ms. Masoner, a parent aide, considered K.C.'s home to be an appropriate placement for the children.

J.M.C.'s father is D.B. and N.R.C.'s father is R.P. Both fathers are absent and not involved in their son's lives. D.B. and R.P. did not appear for the hearing on June 21 and 22, 1995.

A dispositional hearing regarding J.M.C. and N.R.C. was held on June 22, 1995. The children had been in foster care since January 1995. During the disposition hearing, the attorney for the Juvenile Office called Tracy Webb, social services worker. During her testimony, an exhibit marked Guardian Ad Litem's Exhibit "2" and entitled An Affidavit of Reasonable Efforts signed by Tracy Webb on April 17, 1995, was offered by the guardian ad litem. Counsel for K.C. objected to the admission of Exhibit "2" for a number of reasons. Exhibit "2" was admitted into evidence over objection. The court's order of disposition incorporated the Affida-

vit of Reasonable Efforts referenced in paragraph 11.

At the conclusion of this disposition hearing, the court ordered J.M.C. and N.R.C. placed in DFS custody for alternative care placement. A formal order entitled Findings of Jurisdiction and Order of Disposition was filed on June 22, 1995.

## STANDARD OF REVIEW

 For purposes of appellate review, juvenile proceedings are governed by the practices and procedures customary of proceedings in equity. *In Interest of R.A.*, 913 S.W.2d 142, 144 (Mo.App.1996). The judgment from which appeal is taken is the trial court's order. Mo.Rev.Stat. § 211.261 (1994); Rule 120.01; *In Interest of R.A.*, 913 S.W.2d at 144. The trial court's decision will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court views the facts presented in evidence and the reasonable inferences therefrom in the light most favorable to the trial court's judgment when reviewing the sufficiency of the evidence. *In Interest of R.A.*, 913 S.W.2d at 144.

## I.

 We will address Point IV of appellant's points relied on first because we believe it is dispositive of the appeal without addressing appellant's other points. In Point IV, appellant claims that the juvenile court erred in admitting the Affidavit of Reasonable Efforts of Tracy Webb, a DFS worker, which was offered by the guardian ad litem as Exhibit 2. Appellant contends the affidavit contains hearsay and was not admissible under the business record exception to the hearsay rule. At trial, appellant objected to the introduction of the affidavit for failure to lay a proper foundation. Respondent admits the affidavit contains hearsay, but that the affidavit was properly admitted as a business record.

"The trial judge is given wide latitude in ruling on whether to admit or exclude evidence, and absent a clear abuse of discretion, the appellate court will not interfere with the ruling. It is only when the trial court's ruling on admissibility of evidence clearly offends the logic of the circumstances or when it becomes arbitrary and unreasonable that the appellate court will find an abuse of discretion. Furthermore, the determination of whether a sufficient foundation was laid for admission of the evidence is within the sound discretion of the trial court." (citations omitted) *State v. Blakeburn*, 859 S.W.2d 170, 177 (Mo. App.1993).

Section 490.680 sets forth a hearsay exception for business records which provides as follows:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

*See In Interest of B.L.E.*, 768 S.W.2d 86, 92 (Mo.App.1988). The qualification of records within the business record exception requires testimony as to the mode of preparation of the record and that it was made at or near the time of the act, condition or event it purports to show. *In Interest of A.R.S.*, 609 S.W.2d 490, 491 (Mo.App.1980). Here, the requisite foundation testimony as to the affidavit was not present rendering it inadmissible.

The affidavit was executed by DFS worker, Tracy Webb, on April 17, 1995. The acts, conditions, and events related in the affidavit occurred between June 1993, and the date the affidavit was executed. Webb did not become involved in the case until January 1995, and did not have personal knowledge of all the matters contained in the affidavit. She testified that she reviewed the DFS case records to prepare the affidavit. There was no testimony to indicate that the affidavit was prepared at or near the time of the acts, conditions, or events portrayed in the affida-

vit. The affidavit was nothing more than a summary of what was purportedly contained in DFS records. Although the records relied upon in the preparation of the affidavit may have been admissible under the business record exception, the affidavit itself was not a business record within the meaning of § 490.680 and was hearsay. As a result, we find the trial court abused its discretion in admitting the affidavit.

Respondent cites *B.L.E.* in support of its position that the affidavit was admissible as a business record. Respondent's reliance is misplaced. In *B.L.E.*, the court found that a blanket objection of hearsay was not sufficient to exclude the DFS records in question. That is not the case here. Appellant, here, objected to the entire affidavit on the basis of improper foundation, a basis for exclusion with which we agree.

There are instances in the law which specifically provide for the admission of reports and affidavits as proof of required elements. That is not the case here. The affidavit was offered to satisfy respondent's burden under § 211.183 to establish "reasonable efforts" by DFS to prevent the child from being removed from the home. There is nothing in the law that allows respondent to offer an affidavit of compliance with § 211.183 as to reasonable efforts in lieu of testimony, records, and other evidence otherwise admissible. Consequently, unless the affidavit is admissible under some exception to the hearsay rule, it must be excluded as hearsay.

 Having decided that it was error to admit the affidavit, we must now decide if the admission justifies reversal. The admission of improper evidence is not ordinarily a ground for reversal in a non-jury case, unless it plays a critical role in the court's decision. *Id.* at 491. Thus, the issue is whether the affidavit was critical to the court's decision in this case.

Section 211.183 sets forth the required determinations and findings by the court as to the reasonable efforts by DFS and provides in pertinent part:

1. In juvenile court proceedings regarding the removal of a child from his home, the order of disposition shall include a determination of whether the division of family services has made reasonable efforts to prevent or eliminate the need for removal of the child and, after removal, to make it possible for the child to return home. . . .

. . . . .

3. In support of its determination of whether reasonable efforts have been made, the court shall enter findings, including a brief description of what preventive or reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family. The division shall have the burden of demonstrating reasonable efforts.

To be sufficient, the order of disposition must include a determination that reasonable efforts were made, what the reasonable efforts were, and detailed evidence to explain those efforts. *In Interest of C.K.M.H.*, 829 S.W.2d 674, 676 (Mo.App.1992); *In Interest of A.L.W.*, 773 S.W.2d 129, 133–34 (Mo.App. 1989).

Here, as to reasonable efforts, the juvenile court in its order of disposition found:

11. That reasonable efforts have been made by the Missouri Division of Family Services pursuant to Section 211.183, RSMo, and the court hereby adopts as its findings the matters set forth in the Affidavit signed by Tracy Webb on April 17, 1995, which was admitted into evidence.

The court did not make any separate findings as to reasonable efforts, but relied solely on the affidavit. The reliance by the court on the affidavit to establish the statutory precedents as to reasonable efforts was obviously critical to its decision in that without the affidavit, the court's order was insufficient to remove the children from the home of appellant. Inasmuch as the affidavit was not admissible, we must reverse and remand the court's order of disposition.

Respondent argues that the affidavit was not critical to the court's decision because other evidence exists that would support a finding of reasonable efforts. Such an argument ignores the directives of *C.K.M.H.* and *A.L.W.*, requiring the order of disposition to

include specific findings as to what the reasonable efforts were and the detailed evidence supporting the findings. Without the incorporation of the affidavit, the court's order is clearly deficient in these respects.

Point denied.

## CONCLUSION

We reverse and remand with the directive that the juvenile court judge make § 211.183 findings, hearing additional evidence, if necessary, but under no circumstances relying on the Affidavit of Reasonable Efforts, guardian ad litem's Exhibit 2, in making the findings.

All concur.