**In Interest of T.B., Petitioner.**

**David GANN, Juvenile Officer, Respondent,**

**v.**

**C.E.W. (Natural Mother), Appellant.**

**No. WD 51987.**

Missouri Court of Appeals, Western District.

Jan. 28, 1997.

Sharlie Pender, Independence, for appellant.

Robert B. Paden, Maysville, Richard Brent Elliott, Guardian ad Litem, Chillicothe, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Chief Judge, Presiding Judge.

C.E.W. appeals the finding of jurisdiction and the order of the Juvenile Division of the 43rd Circuit Court (Livingston County) removing T.B., her thirteen year old child, from her home and awarding legal care, custody, and control of T.B. to the Division of Family Services for placement with T.B.'s nineteen year old sister, A.F. C.E.W. asserts that the trial court erred in entering its order of disposition because: (1) it lacked jurisdiction over T.B.; (2) it failed to make specific findings of reasonable efforts to eliminate the need for removal of the child from the home as mandated by section 211.183, RSMo 1994; and (3) no evidence was presented to the trial court. The order of the trial court is reversed, and the cause is remanded.

On August 26, 1995, David Gann, a juvenile officer of the county, filed a petition in juvenile court for corrective treatment of T.B., a thirteen year old female. The petition alleged that T.B. was in need of care and treatment under the supervision of the court; that her behavior, environment, or associations were injurious to her welfare; and that she was afraid to return to her mother's home because her older brother, who was residing in the home, was subjecting her to inappropriate sexual contact. On August 28, 1995, the court entered its order directing the Division of Family Services (DFS) to temporarily take custody of T.B. and to place her in an approved foster home or relative placement pending a hearing.

A hearing was held in the Juvenile Division on October 23, 1995. At the hearing, C.E.W., acting without an attorney, after waiving the right to counsel, admitted the allegations in the petition. The trial court issued its order making T.B. a ward of the court with her legal care, custody, and control placed with the DFS for placement in the home of A.F., T.B.'s nineteen year old sister. This appeal followed.

### Standard of Review

Review of juvenile proceedings is analogous to review of court-tried cases. The trial court's order is sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In the Interest of R.G.,* 885 S.W.2d 757, 763 (Mo.App.1994). The reviewing court defers to the trial court on issues of fact and the credibility of witnesses. *Id.*

### 1. The Juvenile Division of the Circuit Court, Livingston County, had jurisdiction.

As her first point on appeal, C.E.W. claims that the trial court lacked jurisdiction to enter its order of disposition. She asserts that T.B. was not a resident of Livingston County or found within the county and that the juvenile officer presented no evidence of neglect or refusal to provide proper support

and care necessary for T.B.'s well-being as required by section 211.031.1 [1].

▪ The purpose of a petition filed in juvenile court is to state facts that bring the child within the jurisdiction of that court. *In the Interest of D.L.D.*, 701 S.W.2d 152, 158 (Mo.App.1985). Section 211.031.1 confers exclusive original jurisdiction in the juvenile court in proceedings:

> (2) Involving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:
>
>> (a) The child while subject to compulsory school attendance is repeatedly and without justification absent from school; or
>>
>> (b) The child disobeys the reasonable and lawful directions of his parents or other custodian and is beyond their control; or
>>
>> (c) The child is habitually absent from his home without sufficient cause, permission, or justification; or
>>
>> (d) The behavior or associations of the child are otherwise injurious to his welfare or to the welfare of others; or
>>
>> (e) The child is charged with an offense not classified as criminal, or with an offense applicable only to children; except that, the juvenile court does not have jurisdiction over any child fifteen and one-half years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony.

§ 211.031.1(2), RSMo 1994. To be "found within the county" under section 211.031.1, a child must be physically present in the county. *In the Interest of D.L.D.*, 701 S.W.2d at 157; *In the Matter of Jackson*, 592 S.W.2d 320, 321 (Mo.App.1979).

▪ The petition for corrective treatment filed by the juvenile officer stated facts sufficient to vest the Juvenile Division of the Circuit Court with jurisdiction over T.B. T.B. was visiting her sister in Chillicothe for the summer when the petition was filed. T.B. was physically present in Livingston County; she was, therefore, "found within the county" as required by section 211.031.1(2). The petition alleged that T.B.'s association with her older brother was injurious to her welfare under section 211.031.1(2)(d) because he was subjecting her to inappropriate sexual contact. The Juvenile Division of the Circuit Court, therefore, had jurisdiction. Point one is denied.

**2. The trial court's order does not comply with section 211.183, RSMo 1994.**

▪ In her second point on appeal, C.E.W. claims that the trial court erred in entering the order of disposition transferring custody of T.B. to the DFS for alternative care placement because the court failed to make specific findings as mandated by section 211.183. She argues that the order did not include a determination that the DFS had made reasonable efforts to avoid the need of removing T.B. from the home.

Section 211.183 requires the trial court to make specific findings regarding services provided to the family. § 211.183, RSMo 1994; *In Interest of C.K.M.H.*, 829 S.W.2d 674, 675 (Mo.App.1992). The statute provides in pertinent part:

> 1. In juvenile court proceedings regarding the removal of a child from his home, the order of disposition shall include a determination of whether the division of family services has made reasonable efforts to prevent or eliminate the need for removal of the child and, after removal, to make it possible for the child to return home. If the first contact with the family occurred during an emergency in which the child could not safely remain at home even with reasonable in-home services, the division shall be deemed to have made reasonable efforts to prevent or eliminate the need for removal.

\* \* \* \* \* \*

**1.** All statutory references are to RSMo 1994 unless otherwise noted.

3. In support of its determination of whether reasonable efforts have been made, the court shall enter findings, including a brief description of what preventive or reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family. The division shall have the burden of demonstrating reasonable efforts.

§ 211.183, RSMo 1994. The statute is designed to safeguard against the arbitrary removal of a child from the parental home and to insure that where removal is necessary, reasonable efforts to reunite the family are undertaken by DFS. *In the Interest of R.G.*, 885 S.W.2d 757, 765 (Mo.App.1994). For an order to be sufficient as a judgment for change of custody, it must comply with section 211.183 and include a determination that reasonable efforts to avoid the need for removal of the child from the home were made, what the reasonable efforts were, and detail the evidence explaining those efforts. *In Interest of J.M.C.*, 920 S.W.2d 173, 176 (Mo.App.1996). Merely noting that "reasonable efforts" were made by the DFS does not comport with the requirement of giving brief descriptions of the efforts made. *In Interest of C.K.M.H.*, 829 S.W.2d at 676. In an emergency situation under section 211.183(1), where the division is deemed to have made reasonable efforts to prevent the need for removal, the juvenile court must make the necessary determinations under section 211.183 in its order. *In the Interest of B.R.M.*, 912 S.W.2d 86, 89 (Mo.App.1995); *In Interest of E.S.*, 851 S.W.2d 676, 681 (Mo. App.1993).

The trial court's order states in pertinent part:

The Court finds that the natural mother admits the allegations of the Petition filed heretofore in this cause. The Court also finds that said juvenile is in need of care and treatment under the supervision of the Court. The Court further finds that reasonable efforts have been made to prevent or eliminate the need for removal of the child and that continuation in the home would be contrary to the best interest of said juvenile, in that said juvenile is afraid to return to the home of her natural mother, [C.E.W.], in Jackson County, Missouri, because juvenile's older brother is subjecting her to inappropriate sexual contact.

The order merely states that "reasonable efforts" were made to eliminate the need for removal of the child. It does not describe what preventative or reunification efforts were made and does not state why further efforts could or could not have prevented or shortened the separation of the family as required by section 211.183. The order, therefore, is deficient.

The transcript of the hearing reflects that no evidence was presented of what efforts were made in compliance with section 211.183(1) and (3). The record, therefore, discloses no substantial evidence to support the court's order finding that reasonable efforts were made to prevent or eliminate the need to remove the child from the home. The judgment must be reversed, and the cause must be remanded for additional evidence, for specific findings of fact as required by the statute, and for a new judgment consistent with the evidence.

3. Sufficient evidence supports the trial court's order finding as true that T.B. was subjected to inappropriate sexual contact within the home.

█ As her third and final point on appeal, C.E.W. claims that the trial court erroneously entered its order of disposition because no evidence upon which an order could have been based was presented to the court.

Rule 119 governs the hearing on a juvenile petition. Rule 119.02(4)-(5) provides:

(4) Fourth, the court may inquire: (A) of the juvenile as to whether he admits or denies any of the allegations in the petition that the behavior of the juvenile is injurious to his welfare or to the welfare of others or that the juvenile has violated a state law or municipal ordinance; or (B) of the juvenile and his custodian in any other

case, whether they admit or deny any or all of the allegations of the petition.

(5) Fifth, if the facts admitted are sufficient to authorize the court to act under the Juvenile Code, the court may make a finding that the allegations of the petition have been established by the admissions, or may in its discretion receive evidence to corroborate the admissions.

Rule 119.02(4)-(5).

At the October 23, 1995 hearing, the trial court did not hear any sworn testimony or receive any exhibits into evidence. The transcript of the hearing reveals, however, that C.E.W. admitted the allegations in the petition that T.B. was in need of care and supervision by the court because her older brother, also a resident within the home, was subjecting her to inappropriate sexual contact. The facts admitted by C.E.W. were sufficient to authorize the court to act under the Juvenile Code. The trial court, therefore, properly found that the allegations were established by C.E.W.'s admissions. Additional evidence was not needed to establish the allegations. The trial court did not err in predicating its order on C.E.W.'s admissions. Point three is denied.

## 4. Conclusion

The judgment of the trial court is reversed, and the cause is remanded to the Juvenile Division for additional evidence and for specific findings as required by statute and for entry of a new judgment.

All concur.