KENNETH W. SHRUM, Judge.
D.K. (Father) appeals from a judgment entered by the juvenile court of Jasper County, Missouri. The challenged judgment was entered at the disposition stage of a case involving E.K. (Father’s minor daughter).[1] Months before the disposition hearing, the court ruled it had jurisdiction over E.K. pursuant to section 211.031.1(l)(a).[2]
As part of the disposition judgment, the court ruled that the best interests of E.K. would be served by placing her in the care and custody of the Children’s Division of the Missouri Department of Social Services (DSS). Additionally, the court ordered that E.K. should remain in her current placement and that DSS should “cease reasonable efforts with the natural *440 parents and change[] the case goal to adoption.” Because the juvenile court failed to make statutorily mandated findings, we remand the case to the juvenile court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On October 8, 2001, the Jasper County juvenile officer filed a petition alleging that Father sexually abused E.K. On that same day, the juvenile officer filed an application for protective custody, requesting that E.K. be placed in the temporary care and custody of DSS. Thereafter, DSS placed E.K. in the care of her maternal grand parents.
Before the judgment of disposition was entered, several hearings were conducted. During those hearings, various witnesses gave testimonial accounts of the investigation that followed after the abuse allegations surfaced against Father. In part, the witnesses described their interviews and conversations with E.K. in which she described how she was abused, i.e., that Father had penetrated her vagina and anus with his finger. Moreover, at an April 2004 hearing, E.K. testified that she never wanted to see Father again. Father generally denied the allegations of sexual abuse. The juvenile court, however, apparently disbelieved this evidence, as was its prerogative. In re K.A.W., 133 S.W.3d 1, 23 (Mo.banc 2004).
Early in the case (but after hearing some of the abuse testimony), the juvenile court entered a finding of jurisdiction. That document provided, inter alia, “[n]ow on this 12th day of September, 2003 the court finds jurisdiction in that juvenile comes within the provisions of section 211.031, subdivision 1, subsection 1, sub-paragraph (a), RSMo.” After several other hearings, the court entered the judgment of disposition which is reproduced, in pertinent part, as follows:
“Court hears testimony. The court finds it would be contrary to the welfare of the minor child to be returned to the parent at this time.
“It is therefore ORDERED and ADJUDGED in the best interest of said juvenile that said juvenile be placed in the care and custody of [DSS] in her current placement. The court further orders [DSS] to cease reasonable efforts with the natural parents and changes the case goal to adoption.”
Father then timely filed this appeal.
DISCUSSION AND DECISION
Father’s first point maintains that the juvenile court erred in “assuming jurisdiction and entering an order of disposition” because it failed to make the findings mandated by section 211.181 and section 211.183. We agree.
A juvenile court shall have exclusive original jurisdiction over a child who is a resident of or found within the county and who is alleged to be in need of care and treatment because his or her parents neglect or refuse to provide proper support or other care. § 211.031.1(l)(a). When a court finds that a child falls within the parameters of section 211.031.1(1), “the court shall so decree and make a finding of fact upon which it exercises jurisdiction over the child.” § 211.181.1.
In court proceedings where a child is removed from his or her home, a court’s order shall include a finding of whether DSS has made reasonable efforts to prevent removal, or after removal, whether reasonable efforts were made for the child to return home. § 211.183.1. In support of its reasonable efforts determination, “the court shall enter findings, including a brief description of what preventative or reunification efforts were made and why further efforts could or could not have prevented or shortened the separation of the family.” *441 § 211.183.3. In such cases, the court shall also make the following findings:
“(1) State whether removal of the child is necessary to protect the child and the reasons therefor;
“(2) Describe the services available to the family before removal of the child, including in-home services;
“(3) Describe the efforts made to provide those services relevant to the needs of the family before the removal of the child;
“(4) State why efforts made to provide family services described did not prevent removal of the child; and
“(5) State whether efforts made to prevent removal of the child were reasonable, based upon the needs of the family and child.”
§ 211.183.5(1-5).
Here, the juvenile court made none of the requisite findings, although an abundance of evidence was presented why E.K. should be removed from Father’s care and custody (sexual abuse) and why no further efforts could aid Father (refusal to admit any wrongdoing or seek treatment for his problems). In eonclusory fashion, the judgment of disposition found E.K.’s best interests required her to be placed in the custody of DSS. Likewise, the judgment merely recited that DSS was to cease reasonable efforts.[3] The failure to make the mandatory statutory findings requires this court to remand the case so that the juvenile court may enter a judgment complying with the dictates of the law. In re N.B., 64 S.W.3d at 913-14; In Interest of T.B., 936 S.W.2d 913, 916 (Mo.App.1997); In Interest of K.L.B., 898 S.W.2d 696, 700-02 (Mo.App.1995).
Upon remand, the court shall enter a judgment complying with section 211.181, section 211.183, Rule 119.06, and Rule 128.18.[4] Further, the court may consider additional evidence on remand. See T.B., 936 S.W.2d 913; K.L.B., 898 S.W.2d 696.
Given our ruling on Father’s first point, we decline to address his second point on appeal. The point alleges that the juvenile court’s finding of jurisdiction and judgment of disposition are unsupported by clear, cogent, and convincing evidence. Because additional evidence may be received upon remand, any decision by this court regarding the sufficiency of the evidence would be premature. See Id. at 702-03. Moreover, because the juvenile court’s findings were entirely eonclusory, we do not believe any meaningful appellate review could be conducted without the requisite findings in the record. See, e.g., State ex rel. T.J.H. v. Bills, 504 S.W.2d 76, 81-82 (Mo.banc 1974); In re Marriage of Hoff, 134 S.W.3d 116, 117 (Mo.App.2004); State ex rel. Laclede Gas Co. v. Pub. Serv. Comm’n, 103 S.W.3d 813, 818-19 (Mo.App.2003); Berlin v. Pickett, 100 S.W.3d 163, 167-68 (Mo.App.2003); and Mader v. Rawlings Sporting Goods, Inc., 73 S.W.3d 83, 84-85 (Mo.App.2002).
The case is remanded to the juvenile court for further proceedings consistent with this opinion.
PARRISH, P. J., and BARNEY, J., concur.

. This is an appealable judgment per section 211.261, RSMo (2000). See In re N.B., 64 S.W.3d 907, 913 (Mo.App.2002).

. Herein, the statutory references to sections 211.031 and 211.181 are to RSMo Cum.Supp. (2003). All other statutory references are to RSMo (2000).

. The juvenile court did not find that "the first contact with the family occurred during an emergency” situation. § 211.183.1. Thus, the statute requires the court to make the findings of fact enumerated therein. See § 211.183.1 and § 211.183.7.

. Because we are remanding the case for the juvenile court to enter a judgment that contains the mandatory findings, the court should also consider amending its finding of jurisdiction to comply with Rules 119.02(a)(7)(B) and 128.17.