In the Interest of G.F.M., D.J.M,
C.M.M. and J.M.M.

Juvenile Officer, Missouri Children's
Division, Respondents,

v.

F.M. (Mother/Grandmother), Appellant,

P.M. (Father/Grandfather); J.B.
(Father), Defendant;

T.S. (Mother), Respondent.

Nos. WD 64535, WD 64536,
WD 64537, WD 64538.

Missouri Court of Appeals,
Western District.

Aug. 2, 2005.

David Buffo, Kansas City, MO, for Appellant F.M.

Anna M. Merritt, Kansas City, MO, for Respondent Juvenile Officer.

Stephen B. Millin, Jr., Kansas City, MO, for Defendant, P.M.

Phillip A. Miller, Kansas City, MO, for Defendant J.B.

Anastacia R. Adamson, Kansas City, MO, for Guardian.

Gary L. Gardner, Jefferson City, MO, for Respondent MO Children's Division.

Laurie V. Snell, Kansas City, MO, for Respondent T.S.

Before SMITH, C.J., LOWENSTEIN and ELLIS, JJ.

HAROLD L. LOWENSTEIN, Judge.

Following trial, the Jackson County family court found that P.M. physically and sexually abused both his daughter, G.M., and granddaughter, C.M. It also found that F.M. (Appellant), P.M.'s wife and mother/grandmother of the respective children, failed to protect the children from this abuse. Two other grandchildren of P.M. and Appellant also lived in their home: D.M., a fourteen-year-old female and J.M., a twelve-year-old male. All three grandchildren were there under a guardianship granted to Appellant on December 21, 2001. P.M. is now in jail for the sexual abuse of his daughter, G.M., and his granddaughter, C.M., and does not contest the judgment. Instead, Appellant appeals from the order that removed her daughter and three grandchildren from her home and terminated her guardianship rights over the grandchildren, claiming that (1) the trial court had insufficient evidence to exercise jurisdiction over the children, and (2) the trial court did not enter the requisite findings of why reasonable efforts could not have prevented the removal of the children from her home.

The order of the trial court is affirmed as to invocation of jurisdiction under Section 211.031.1,[1] and reversed and remanded for the trial court to enter findings on why removal of the children for their protection was necessary.

### FACTS

At trial, the court heard testimony from several witnesses that P.M. sexually and physically abused his daughter and granddaughter, and that Appellant failed to protect them. In particular, P.M. and Appellant's seventeen year-old daughter, G.M., testified that he once attacked her with a broom, striking her several times. Although G.M. told her mother about this incident, Appellant said she "didn't care." After this event, the Department of Family Services (DFS) became involved, leading to the conviction of P.M. for child abuse and the implementation of several safety plans designed to sever contact between P.M. and his child and three grandchildren.

G.M. further testified her father sexually abused her and his granddaughter C.M. (age thirteen). Although the safety plans instituted by DFS were in effect, P.M. violated those plans by coming back to the home and eventually spending the night. According to G.M., when she reminded Appellant that P.M. was not supposed to be around and refused to go in the house, Appellant threw her on the ground and started beating her.

Marty Rowe, an investigator with the Children's Division, confirmed part of G.M.'s testimony by witnessing one of Ap-

---

1. All statutory references are to RSMo. (2000) unless otherwise indicated.

pellant's safety plan violations. After Rowe received information that P.M. physically and sexually abused his daughter and granddaughter and that he was again having contact with the children, Rowe went to the house. While there, Rowe observed P.M. leave his truck, inside which Appellant was sitting, and enter the house. The police were contacted and another safety plan was instituted to keep P.M. from coming into contact with the children.

Rowe referred P.M. to the Metropolitan Organization to Counter Sexual Assault (MOCSA), but he refused to go, stating he had been through MOCSA before and considered it a "form of brainwashing." At the conclusion of the testimony, the trial court found that P.M. physically and sexually abused his daughter and granddaughter, and that Appellant failed to protect the children. The trial court then ordered that the children be committed to the Children's Division for appropriate placement.

## STANDARD OF REVIEW

Review of juvenile proceedings is analogous to review of other court-tried cases. The trial court's order is sustained unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In the Interest of T.B.*, 936 S.W.2d 913, 914 (Mo.App.1997); *In the Interest of R.G.*, 885 S.W.2d 757, 763 (Mo.App.1994). The reviewing court defers to the trial court on issues of fact and the credibility of witnesses. *Id.*

## ANALYSIS

### JURISDICTION–SECTION 211.031.1

■ Appellant asserts in her first point that the trial court lacked jurisdiction over the children because there was not sufficient evidence for the court to determine that she failed to protect them from P.M.'s abuse. She contends that "there is clearly not overwhelming evidence in favor of a finding that [Appellant] knew of the alleged abuse of the children and did nothing." She urges this court to overrule the decision of the trial court finding that it could exercise jurisdiction.

■ Section 211.031.1 confers exclusive original jurisdiction to the juvenile court when the proceedings involve any child who is alleged to be in need of care because the parent or person responsible neglects or refuses to provide proper support or other care necessary for his or her well being.[2] The purpose of a petition filed in juvenile court is to state facts that bring the child within the jurisdiction of that court. *In the Interest of T.B.*, 936 S.W.2d at 915. When a petition alleges that a child is in need of care and protection as the basis for jurisdiction, the standard of proof is clear and convincing evidence. *In the Interest of A.L.W.*, 773 S.W.2d 129, 131 (Mo.App.1989).

2. Section 211.031 provides, in pertinent part:

1. Except as otherwise provided in this chapter, the juvenile court or the family court in circuits that have a family court as provided in sections 487.010 to 487.190, RSMo, shall have exclusive original jurisdiction in proceedings:

(1) Involving any child or person seventeen years of age who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:

(a) The parents, or other persons legally responsible for the care and support of the child or persons seventeen years of age, neglect or refuse to provide proper support, education which is required by law, medical, surgical or other care necessary for his or her well-being; except that reliance by a parent, guardian or custodian upon remedial treatment other than medical or surgical treatment for a child or person seventeen years of age shall not be construed as neglect when the treatment is recognized or permitted pursuant to the laws of this state.

Here, the trial court's exercise of jurisdiction was proper under Section 211.031 because the evidence was clear and convincing that Appellant failed to protect the children from sexual and physical abuse. *See In the Interest of E.J.*, 741 S.W.2d 892, 894 (Mo.App.1987) ("The juvenile court has jurisdiction when there is clear and convincing evidence the child is in need of care."); *In the Interest of K.H.*, 652 S.W.2d 166, 167 (Mo.App.1983). G.M., the daughter, testified that her father sexually abused her and C.M. over a period of years. Marty Rowe, among others, witnessed P.M. violate various safety plans in the presence of Appellant. Further, Appellant knew that P.M. had been convicted of child abuse, yet still allowed him to come into contact with the children. Point I is denied.

### SPECIFICITY OF ORDER—§ 211.183

In Appellant's second point, she contends the trial court did not comply with Section 211.183, which requires the trial court to include in its order a determination of whether DFS made reasonable efforts to prevent the need for removal of the children. She asserts that the trial court must make findings of why further efforts could not have prevented the separation of the family before the children are removed. Respondent conceded this point at oral argument.

Section 211.183.1 mandates that a trial court's order include a determination of whether DFS made reasonable efforts to prevent the removal of a child. Reasonable efforts means the exercise of reasonable diligence and care to utilize all available services related to meeting the needs of the family. § 211.183.2. In support of its determination, the trial court shall enter findings, including a brief description of what preventive efforts were made and why further efforts could not prevent the removal of the children. § 211.183.3. "The determination to remove the child from the parent must be preceded by a finding that removal of the child was necessary to protect the child and a detail of the evidence on which that ultimate finding rest." *In the Interest of A.L.W.*, 773 S.W.2d at 133, 135 (setting aside the trial court's order for failing to enter specific findings pursuant to Section 211.183). This requirement to detail the evidence "expresses the legislative concern for the integrity of the family consonant with the welfare of the child." *Id.* at 134; *In the Interest of C.L.M.*, 625 S.W.2d 613, 617 (Mo. banc 1981). The legislative concern implicates the fundamental right of a parent to raise his or her child free of undue governmental interference. *In the Interest of A.L.W.*, 773 S.W.2d at 134.

In this case, the trial court's order simply reads,

The Court finds that reasonable efforts have been made to prevent the removal of the child[ren] from the home, but removal is necessary to protect the child[ren] and continuation in the home is contrary to the interest of the child[ren] based on the needs of the family and the child[ren].

The trial court did not state: (1) the reasons why removal was necessary; (2) the services available to the family before the removal of the children; (3) the efforts made to provide services before the children's removal; (4) why efforts made to provide family services did not prevent the removal of the children; or (5) why further efforts could or could not have prevented the separation of the family. Section 211.183.5. A trial court's order should include all of these elements. *See* Section 211.183.5. "They are designed to safeguard against the arbitrary removal of a child from the parental home and ensure that where removal is necessary, reason-

able efforts to reunite the family are undertaken by DFS." *In the Interest of T.B.*, 936 S.W.2d at 916 (reversing a trial court's judgment for failing to enter findings pursuant to Section 211.183); *In the Interest of R.G.*, 885 S.W.2d 757, 765 (Mo.App. 1994).

Accordingly, the judgment is affirmed as to jurisdiction of the court over the children, and the judgment is reversed, and the cause remanded for specific findings of fact as required by Section 211.183 and for entry of a judgment consistent with those findings.

All concur.