**In The Interest of: T.B.L.T.**

**No. ED 97393.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 12, 2012.

Brian Sinclair, Troy, MO, for appellant.

Therese Marchlewski, Troy, MO, for respondent.

Larry Nesslage, (GAL), Troy, MO, for juvenile.

## KENNETH M. ROMINES, J.
### Facts and Procedural History

On 27 April 2011, the Juvenile Office filed a petition requesting that the family court take jurisdiction over T.B.L.T., a minor child born on 6 October 2006. The juvenile officer alleged that T.B.L.T was without proper care, custody or support. The family court held a hearing on the petition on 27 June 2011, and the child's mother, Appellant Elizabeth Lindsay ("Mother"), was present and represented by counsel.

At the hearing, the Juvenile Office presented the testimony of two witnesses—(i) Amanda Caruso, a social worker with the Children's Division of the Department of Social Services; and (ii) Detective Roger Mauzy of the Troy Police Department. In sum, these witnesses' testimony tended to show that Mother had been residing at her boyfriend's house with T.B.L.T., and that the manufacture and use of methamphetamine was occurring on the premises.

Mother presented the testimony of one witness, Alice Vanmeter. In sum, Vanmeter testified that Mother was not living with her boyfriend, and that Mother's house was suitable for T.B.L.T.

On 27 June 2011, the family court entered a judgment that T.B.L.T was in need of protection, and it asserted jurisdiction pursuant to § 211.031.1(1).[1] The court ordered that T.B.L.T. be placed in the legal and physical custody of the Children's Division. Aggrieved, Mother now appeals.

### Standard of Review

■  Our standard of review for decisions in juvenile proceedings is the same as for any court-tried civil case. *In re*

---

1.  Mo.Rev.Stat. § 211.031.1(1) (2006).

*C.A.D.*, 995 S.W.2d 21, 29 (Mo.App. W.D. 1999). We will affirm the trial court's judgment unless there is no substantial evidence to support it, the decision is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing the sufficiency of the evidence, we consider the facts and all reasonable inferences in the light most favorable to the family court's order. *In re J.M.*, 328 S.W.3d 466, 470 (Mo.App. E.D.2010).

## Discussion

■ Mother asserts two points on appeal. The first point challenges the sufficiency of the evidence to support the lower court's exercise of jurisdiction. The second point asserts that the trial court's judgment is invalid because it fails to comply with the "finding of fact" requirements of § 211.181.1. The second point is determinative, and we agree with Mother.

■ In Missouri, the juvenile court or the family court shall have exclusive, original jurisdiction in proceedings involving any child who is alleged to be in need of care and treatment because:

(a) The parents . . . neglect or refuse to provide proper support, education which is required by law, medical, surgical or other care necessary for his or her well being . . . [or]

(b) The child . . . is otherwise without proper care, custody or support."

§ 211.031.1(1)(a)–(b). To assert jurisdiction, the lower court must find clear and convincing evidence that the child needs care because the parent has neglected to provide the care necessary for the child's

well-being. *In re J.M.*, 328 S.W.3d at 471. When a court finds that a child falls within the parameters of § 211.031.1(1), "the court shall so decree and make a *finding of fact* upon which it exercise jurisdiction over the child." § 211.181.1 (emphasis added).

Here, the family court's judgment provided lip-service to the statutes, but merely offered the conclusory statement that Mother "failed provide the proper care, custody and support as alleged in the petition." Given the evidence adduced at the hearing regarding Mother's alleged involvement with methamphetamine and the child's exposure to such an environment, it is inexcusable that the family court did not make any findings of fact to support the exercise of jurisdiction.[2] Upon remand, the lower court shall enter a judgment complying with § 211.181. Further, "the court may consider additional evidence on remand." *In re E.K.*, 154 S.W.3d 453, 455 (Mo.App. S.D.2005).

Because this point is determinative, and additional evidence may be received on remand, we do not address Mother's first point regarding the sufficiency of the evidence. The case is remanded to the lower court further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.

---

**2.** Though not raised by Mother on appeal, the lower court's judgment is similarly insufficient with regard to the findings of facts required by § 211.181.3. *See In re E.K.*, 154 S.W.3d 453 (Mo.App. S.D.2005) (remanding to the juvenile court to enter a judgment

complying with § 211.181.3 where the original judgment lacked the requisite findings of facts as to whether the Division of Social Services had made reasonable efforts to prevent removal of the child from the home).